JAMES CLEMENS, JR., Plaintiff in Error, v. CHARLES RANNELLS
*et al.*, Defendants in Error.

*Conveyance—Description—Execution—Sheriff's deed.*—The sheriff sold and con-
veyed under execution a tract of land, describing it as a tract of land situate
about six miles north-westwardly from the city of St. Louis, on the River des
Peres, containing fifteen hundred arpens, more or less, being part of a tract
of eighteen hundred arpens granted to James McDaniel, Feb. 1, 1798, &c.,
and adjoining land granted to Mary L. Papin; *held*, that the deed was void,
for uncertainty of description; but had the land been conveyed by the de-
fendant in the execution, by the same description, the deed might have
passed either all the interest of the grantor in the tract, or fifteen hundred
parts in eighteen hundred. *Held*, farther, that the evidence did not give
certainty to the description in the sheriff's deed.

*Error to St. Louis Land Court.*

A tract of 1800 arpens of land was conceded to James
McDaniel, and was confirmed to him or his legal represent-
atives by act of Congress July 4, 1836.

February 13, 1802, McDaniel conveyed the land to James Mackey.

April 20, 1825, Pratt et al. had a judgment against Mackey's executors (he being dead) for $725.12 costs. On 3d of June following an execution issued on this judgment, and was levied on a tract of land by the following description:

"A tract containing 1500 arpens, more or less, situated on the River des Peres, part of a tract of 1800 arpens granted to James McDaniel February, 1798, by Don Zeno Trudeau, and adjoins land granted to Mary L. Papin."

The property was sold and conveyed by the same description to John Mullanphy and Frederick Dent, by sheriff's deed dated August 8, 1825.

The plaintiff, who claimed an interest in the land under this sheriff's deed, brought his ejectment, and at the trial offered in explanation of the deed the following evidence: (1.) Deed of James Mackey to J. Murphy for 100 arpens, part of the 1800 arpens, dated November 5, 1821. (2.) Deed from same to R. H. Price, dated June 10, 1819, for 100 acres, part of the 1800 arpens. (3.) Deed from same to Watson for 105 arpens, part of 1800 arpens, dated June 26, 1821. (4.) Deed from same to Hartnett, for 120 arpens, dated October 9, 1823; also showed the location of these small tracts upon the plat of 1800 arpens conceded to McDaniel.

Oral evidence was offered for the purpose of showing that the description in the deed was known in the community where the sale took place, as identifying same definite tract of land; but the court held the evidence insufficient, excluded the deed, and the plaintiff took a non-suit.

*R. M. Field* and *Shepley*, for plaintiff.

I. If a deed intelligibly describes a piece of property, it is a question of fact for a jury to determine as to the particular tract described therein, and this is applicable as well to sher-

iff's deeds as to others. (Rector v. Hart, 7 Mo. 531; Bates v. The Bank, 15 Mo. 309; id. 17 Mo. 191; Lisa v. Lindell, 21 Mo. 127; Collier v. Vason, 12 Geo. 442.)

The case of Bates v. The Bank, 15 Mo. 309, is an exactly parallel case to this. In that case it was $35 \frac{75}{100}$ out of a quarter section. In this case it is 1500 arpens out of 1800 arpens. If in that case the Supreme Court of this State thought it was a question for the jury to determine what was the land conveyed, it is rather difficult to see why the same principle should not hold good in the present case.

In the case of Lisa v. Lindell, 21 Mo., the fact was that there had been an auction sale of lots upon laying out the addition, and though for the purposes of that trial it was thought sufficient to prove one lot as sold, yet in point of fact many were sold, and bonds for a conveyance were given, and no record was made of most of those bonds for years afterwards, and some of them were never recorded, deeds having been obtained from the original proprietors or their heirs, or by bill in equity. It was under those circumstances that the sale was made and deed given of Lisa's interest in that tract, and the description was "the one undivided third part of the lots which were not sold by Lisa in the addition," &c.

In Hart v. Rector, Judge Napton said, "a sheriff has no right to sell land under execution except such as he can describe with sufficient certainty, so that purchasers may know what specific land is put up at auction and where it lies." This is undoubtedly correct doctrine, and all such sales should be set aside; but when made and a deed given as in the case of Lisa, it is evident that the court does not apply it, for it is certain that at the sale of the lots in Bates, Smith and Lisa's addition, there was no way in which a purchaser could inform himself what was sold. But in this case the conveyances of land in the 1800 arpent tract were of record, and three of the four owners at least were in the trial proved to have actual possession of the tracts purchased by them at the time of the sheriff's sale.

II. The evidence was sufficient to allow the deed to go before the jury as to the identity of the land described in it; for,

1. If no evidence had been introduced other than the deeds of the portions already conveyed, and the location of those lots by a surveyor within the 1800 arpent tract, and that there did not remain the amount of 1500 arpens to be conveyed by sheriff's deed, that evidence of itself was sufficient to allow the jury to pass upon the question of the identity of the land conveyed. It is thus brought within the case of Bates v. The Bank, 15 Mo. 309.

2. But the plaintiff went one step further, and attempted to show that the ground described in the sheriff's deed was well known by the description. It is contended that in that he failed. But this is not so. In the case of most of the witnesses it is true, that on cross-examination they seem to say that they referred to the large tract as being well known, but what their whole testimony amounted to, taken together, was a matter for the jury. The evidence (at least, of Ralph Clayton) was, however, not subject to such a criticism, and upon this, if for nothing else, the jury should have been allowed to pass upon the matter.

*S. T. Glover*, for defendants.

I. The sheriff's deed on its face was ambiguous so as to fail of describing any tract of land, and thereby void for uncertainty.

It is evident the 1500 arpens may be laid off in ten thousand ways, and as there is nothing to show in what manner they are to be laid off, the deed is void for uncertainty. In a conveyance *inter partes* the deed might take effect, but as a sheriff's deed must be held void. Such has been the course of adjudication. In 10 Ohio, 42, the sale was of 1055 acres, part of a tract of 1731, on Little Miami, located by R. T., and was held void. In 1 Swan, Tenn. 375, the description was as follows: "1950 acres of land in H. county, part of 2500 acres located by D. G., and the deed was pro-

nounced void. (4 B. Mon. 211; 1 Harris & Gill, 172; id. 434; 6 Gill & Johnson, 76; 1 N. Hamp. 93.) In 1 & 2 Ohio, 414, 416, and 11 Ohio, 316, "one hundred and twenty acres in the Whittaker reserve," there being twelve hundred and eighty acres in the reserve. (1 Foster, 68.) In 5 Blackford, 5, "Richardson's heirs, 56 acres in the south-east quarter of section 8, township 12, range 13." In all these cases the sales were held void by the courts.

In our own State the same doctrine prevails. (Evans v. Ashley, 8 Mo. 177; Hart v. Rector, 7 Mo. 531; 15 Mo. 311.)

II. But there was no testimony in this cause which gave any certainty to the description. The description in the deed, "1500 part of 1800 arpens," was not shown to have acquired any meaning in the community as descriptive of any tract of land. The proof did not tend to show that any 1500 arpens was indicated thereby. The McDaniel tract contained 1800 arpens; out of this had been sold by Mackey some 440 arpens, leaving about 1360 arpens in the tract. This 1360 arpens never had acquired in the community any appellation.

II. If this was a deed *inter partes* made in execution of a contract, the deed would be sustained, because the court would assume that the parties intended to transfer something, and this intent would be sought for by the light of all the matter in the deed, and would see that such intent should not fail; on such a conveyance equities attach upon the conscience of the parties, and these equities will be enforced by just rules of construction. In a sheriff's deed, however, there is no precedent agreement, nothing to which the owner of the property has assented, and nothing to be inferred against him. The deed must stand upon its terms, and cannot be helped by enforcing any agreement or equity.

BATES, Judge, delivered the opinion of the court.

The sheriff's deed to Mullanphy and Dent was properly excluded for the want of an "ascertainable subject matter." The deed purports to convey "all the right, title, interest,

estate and property of him the said James Mackey, deceased, of, in and to a tract of land situate about six miles northwestwardly from the city of St. Louis, on the River des Peres, containing fifteen hundred arpens, more or less, being part of a tract of eighteen hundred arpens granted to James McDaniel on the first day of February, in the year one thousand seven hundred and ninety-eight, by Don Zenon Trudeau, which said tract adjoins lands which were granted to Mary L. Papin."

1. Without the other testimony given to assist in ascertaining what was the land conveyed, it is obvious that it is utterly impossible, from the words used, to determine where, within the large tract (of 1800 arpens) the tract conveyed was located.

Were the deed a grant from Mackey himself, perhaps, in order to avoid a failure of the grant, and construing it most strongly against the grantor, it would be held to convey either all his interest in the large tract, or an undivided interest therein of fifteen hundred parts in eighteen hundred. But that rule of construction will not apply to a sheriff's deed, as to which there can be no presumption of a contract by the owner for a conveyance. There is in the deed itself no sufficient certainty of description.

2. Proceeding to consider the deed in connection with the other testimony given, and applying to it the maxim " *id certum est quod certum reddi potest*," (although we are not to be held as deciding that the maxim does apply to sheriff's deeds,) there is still a fatal want of certainty of description. In the first place, the large tract being sufficiently described, the tract conveyed is a *part* of it. But what part ? how large a part ? " 1500 arpens *more or less*." Looking to quantity as a means of description, we find it wholly uncertain. It may be 1500 arpens, it may be more, it may be less; and how much more or less equally uncertain. Rejecting, then, the words " containing 1500 arpens, more or less," because of their entire want of meaning as words of description, there is nothing remaining to show how large a

part of the 1800 arpent tract was conveyed. We only know that it is a part of it; but whether one arpent or 1799 arpens, or an undivided interest equal thereto, we have no means of knowing or ascertaining.

But, in the second place, if 1500 arpens be regarded as a certain quantity, (rejecting the words " more or less,") and we look to the words " containing 1500 arpens" as descriptive of the tract of land, (and not merely as expressing the number of arpens contained in a tract otherwise described,) then the very testimony given to show the certainty of the description shows that there is no tract within the 1800 arpent tract to which the descriptive words " containing 1500 arpens" will apply; for the deeds to Price, Murphy, Watson, and Hartwell, convey 448 arpens, (as calculated by the witness Cozens,) which, deducted from the 1800 arpens, would leave 1352 arpens, and no mode of computation shows the existence of a tract of 1500 arpens. Nor did the parol evidence make the description any more certain. None of the witnesses proved that any particular tract of land was known by the description contained in the deed. They proved that the large tract was well known, and that it was known that some parts of it had been sold, but they did not prove that any part of the large tract was known generally by any such name or description as that contained in the deed. The witnesses Dent and Walton testify only to the " 1800 arpent tract," or " McDaniel tract," as well known. Denny stated that he would have known the land to be sold by the description given; that is, he " would have known it was in the 1800 arpent tract," and Clayton testified that the " description would have informed all the neighbors what was to be sold;" that after Mackey's sales to Murphy, Watson and others, " the tract was often called the 1500 arpent tract," and also " the 1800 arpent tract," and sometimes " the 2200 arpent tract," thus showing that there was no certain name by which the tract was known such as the description contained in the deed.

This case differs from all those cited, but it is not thought necessary to go over them and point out the differences.

Judgment affirmed. Judges Dryden and Bay concur.