MARY E. JONES *et al.*, Respondents, *vs.* JOHN C. CARTER, Appellant.

1. *Administration—Real estate, sales of—Deeds, description in—Sheriff's sales.—* A sale of real estate by an administrator is *in invitum* as to the heirs, who are the real owners. He exercises a statutory power under the orders of the Probate Court, and the principles which apply to sheriffs' sales as to the description of the property to be sold, apply to administrators' sales.

2. *Administrator—Real estate, sales of—Conveyance—Indefiniteness of description of land.*—In a deed to real estate made by an administrator, he described the land as 320 acres of land, "being parts of lots No. 6 and 12." In reality, lot 6 contained 173 acres and lot 12, 374 acres. *Held*, that the deed was void for uncertainty in the description.

*Appeal from St. Louis Circuit Court.*

*C. M. Napton, and Fagg, Dyer & Briggs*, for Appellant.

I. If the tract—lots 6 and 12—contain more than 320 acres, this deed would convey so much or such a proportional interest as 320 is to the full number. Such a deed is good *inter vivos*. (Pipkin's Case, 29 Mo., 229; 82 Mass., 155; 7 Wend., 136; 14 Wend., 619; 46 Mo., 434; 3 Mass., 352; 1 Washb. Real Prop., 568.)

II. The reasons, which make such a deed by a sheriff void, (3 Mo., 579,) do not apply to this deed. The sheriff's sale is *in invitum*, and not a sale made under the order of a court, or by a court acting through its officer, the administrator.

III. It would be inequitable to allow the heirs to regain the lands freed from debts, and also recover of us, who lifted the encumbrance, $600 damages for doing so.

IV. The two deeds ought to be considered together, and if so considered, would certainly convey the whole lot. (6 Cowen, 706; Orrick vs. Bower, 29 Mo. 210.)

V. See also Davis vs. Rainsford, 17 Mass., 210; Wolfe vs. Scarborough, 2 Ohio [N. S.], 361.

*E. P. Johnson*, for Respondents.

I. These deeds are void for uncertainty. (Clemens vs. Rannells, 34 Mo., 579; Peck vs. Mallams, 10 N. Y., 509; Campbell vs. Johnson, 44 Mo., 247; Holme vs. Strautmann, 35 Mo., 302.)

II. The cases cited by appellant's counsel have no application whatever in this case, as they were decided *inter partes* on an execution of a power.

III. There is no difference in this respect between a sheriff's deed and one by an administrator. (Speck vs. Wohlein, 22 Mo., 310.)

IV. No equitable construction can be placed upon deeds by administrators, or those executed under statutory powers. (Allen vs. Moss, 27 Mo., 364; Haley vs. Bagley, 37 Mo., 363; Wannall vs. Kem, 51 Mo., 150.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for a tract of land in Pike county, where this suit was originally commenced. The case was afterward taken by change of venue to the Circuit Court of St. Louis county. The land in controversy was a portion of lot No. 12 of a league square of land, formerly owned by Luke Hoff, Senior, being United States Survey numbered sixteen hundred and eighty-five, in Township fifty-two North of Ranges one and two West, as the same was divided by commissioners under the will of said Luke Hoff among his heirs or devisees. The commissioners under Hoff's will divided the league square of land into thirteen lots, commencing with No. 1 and running to No. 13. Lot No. 12 was in the southwest part of the league square and lot No. 6 was in the north-eastern part of the league square, and those two lots were two or three miles apart.

Both parties claim title under Charles E. Perkins, as the common source. The plaintiff, Mary E. Jones, is the wife of her co-plaintiff, Henry E. Jones, and was the sole heir at law of Charles E. Perkins, who died siezed of the land in dispute, and as heir at law she claims the land.

The defendant claims under two administration sales made by the administrator of Charles E. Perkins, deceased, for payment of his debts.

These administration sales and deeds were held to be void by the Circuit Court, on account of the uncertainty in the de-

scription of the premises sold and conveyed; and this ruling of the Circuit Court raises the only question for our consideration.

The first administrator's sale was of three hundred and twenty acres, which had been appraised at $2.00 per acre, or $640.00, and was sold to Jas. W. Campbell, for $162.00, at public auction.

The description of this land, in the proceedings had in the County Court for the sale thereof and in the administrator's deed, was as follows: "Three hundred and twenty acres of land, being a part of a league square, formerly owned by Luke Hoff, Sen., deceased, known as survey No. 1685, in township 52, ranges 1 and 2 west, being parts of lots No. 6 and 12 of said league square, as the same was divided among the heirs of said Luke Hoff."

The plat, which was made by the commissioners under the will of Luke Hoff, deceased, dividing the league square among his heirs, shows that lot No. 6 contains 173 acres, and lot No. 12 contains 374 acres, and that these two lots are two or three miles distant from each other.

It is obvious, that the description used in the administrator's deed, and in all the proceedings for the sale of the three hundred and twenty acres, was so indefinite, that the land could not be located at all. It is not shown how much was in the lot, or in what part of the lots the tract intended to be sold was located. It was too much to be all located in lot No. 6, and not enough to comprehend all of lot No. 12. If it had been confined to lot No. 12, still there was nothing to identify the part of this lot to be covered by the three hundred and twenty acres. The question is not, whether this description would have been valid, if used in a deed between living parties, to pass any interest in the land, but whether an administrator can sell the real estate of his intestate, by a description so indefinite as not to designate the land, or indicate the means by which it may be fully identified. The administrator does not act as owner of the land nor as representative of the intestate, in the sale of his lands. Real es-

tate, at the death of an intestate, descends to, and vests in, his heirs at law. A sale by an administrator is *in invitum* as to the heirs, who are the real owners, and the administrator merely executes, under the orders and the judgment of the court having probate jurisdiction, a statutory power, by virtue of which the title of the heirs is divested for the payment of the debts of the deceased. An administrator in this respect acts precisely in the same capacity as a sheriff in the sales of land on execution; and the same principles in regard to the description of the property to be sold, ought to apply to both. A sheriff has no right to sweep away a debtor's property by a description that does not advise the bidders what they are buying. (Clemens vs. Rannells, 34 Mo., 579.) For these reasons, the administrator's deed to Campbell was void.

The second administration sale consisted of thirty-five acres and one rood, which was sold to Aaron McPike, for $52.87½ and is described as follows, in the administrator's deed, etc., "said thirty-five acres and one rood of land is situated in lot No. 12, above mentioned," "it appearing by the plat and certificate from the recorder's office of Pike county, that the said thirty-five and a quarter acres is all the remaining land mentioned in said order of court as belonging to said estate, which had not been previously sold, and that the same lies in lot No. 12 above mentioned." The plat referred to is simply a plat of lot No. 12, with the courses and distances of the boundary lines, and these thirty-five acres and one rood are not laid down on the plat, and there is nothing in the plat, or in any of the proceedings for the sale of the land, to designate in what part of lot No. 12 the 35¼ acres lie. It is therefore subject to the same objections as the sale of the three hundred and twenty acres, and the sale and deed to McPike was void, for uncertainty in the description of the premises sold and conveyed.

Judgment affirmed. Judge Napton, having been of counsel, did not sit; the other judges concur.