Cornwell v. Thurston.

NORA MARY CORNWELL, Respondent, by her guardian, MON-SON LEMONDS, *vs.* ALFRED THURSTON, Appellant.

1. *Deed—Description, what sufficient—Town lots, etc.*—A deed described the land conveyed as "the south-west quarter of the south-east quarter of section twenty-seven" etc., "save and except what I have heretofore conveyed to divers persons." *Held,* sufficient as *inter partes* to convey all the land not previously sold, although the same had been laid off into town lots with plats recorded.

*Appeal from Mercer Circuit Court.*

*Wright & Orton,* for Appellant.

I. The description of the forty acre tract as described in the deed was no description of the lots in controversy. (Henry vs. Mitchell, 32 Mo., 512; Evans vs. Ashley, 8 Mo., 177.)

*H. J. Alley, with S. H. Perryman,* for Respondent.

I. Deeds and exceptions therein are construed most strongly against the grantor. (Nelson vs. Brodhack, 44 Mo., 596; Clemens vs. Rannells, 34 Mo., 579.) The authorities cited by defendant's counsel are not in point. The conveyances in those cases were made by virtue of sales under executions, and were construed most strongly in favor of the execution debtor; in those cases there was involved a matter of the sufficiency of the description to pass the title; in this case simply the intention of the parties to the conveyance.

NAPTON, Judge, delivered the opinion of the court.

This was an ejectment to recover four lots in Girdner's addition to the town of Princeton.

There was an agreed state of facts as follows: 1st. That one Wm. J. Girdner was the owner of the south-west quarter of the south-east quarter of section 27, T. 65, R. 24 on March 2nd, 1854; 2nd. that on that day, said Girdner platted and laid out into an addition to the town of Princeton in Mercer Co., Mo., a part of said forty acre tract. said town plat being about one and one-half acres, consisting of two

blocks and fourteen lots in all, dedicating streets and alleys to the public, and recorded his said plat in the recorder's office in Mercer Co., Mo., March 2nd, 1857; 3rd. that prior to the sale to Cornwell, hereinafter mentioned, he had sold four of said lots to persons who had improved them and built on two of them prior to the sale to said Cornwell—said streets and alleys were open to and used by the public ever since the recording of said plat; 4th. that before the sale hereinafter mentioned to Cornwell, said Girdner had sold and conveyed to two other persons other parts of said forty acre tract; to one about eight acres and to another about one and one-half acres; 5th. that there was on said tract a church with a lot of one acre which was excepted in the deed to Cornwell, occupied by the church, but conveyed by deed; 6th. that the lots in controversy remained unoccupied and unimproved, until defendant took possession in the spring of 1871 and put a fence around them, under a conveyance of said lots from Girdner to him, made, acknowledged and recorded Jan'y 2nd, 1871; 7th. that plaintiff derives title to said lots as the heir of said Cornwell under a general warranty deed in usual form, executed and acknowledged, delivered and recorded Feb. 15, 1865, from said Girdner to said Cornwell, in which the description of the land is " the south-west quarter of the south-east quarter of section twenty-seven, township sixty-five, range 24, save and except what I have heretofore sold and conveyed to divers persons; also save and except one acre in the south-west corner of said tract reserved for a site for a Baptist Church;" 8th. at the date of the deed, Girdner owned the lots in controversy and about twenty-eight acres of said forty acre tract. The four lots in controversy are four of the lots in Girdner's addition. Girdner being dead, the plaintiff is his sole heir.

Upon this state of facts the court declared the law to be, that plaintiff was entitled to recover, and we think this declaration was right.

The cases of Evans vs. Ashley, 8 Mo., 177; Rector vs. Hart, 7 Mo., 53; Clemens vs. Rannells, 34 Mo., 579, and

various other cases in regard to sheriff's sales under execution, are inapplicable to this case. The reason of the principle asserted in those cases has no application to sales *inter partes*.

The descriptive words of the deed are amply sufficient to convey all the forty acres which had not been previously conveyed, whether laid off into lots or not, and the purchaser and seller must have so understood it.

Judgment affirmed; the other judges concur.