# GEORGE H. BELL v. J. BROOKS JOHNSON et al., Appellants.

**Division One, November 27, 1907.**

SPECIAL TAX SUIT: Description: Land Bounded by "Self": Void.
The common source of title was Charles Kuhn, and defendant claims title through an execution sale founded on a judgment rendered in a proceeding against Charles Kuhn to recover the amount of a special tax bill, in which the petition described the property as: "A certain lot of ground in the city of St. Louis, being in City Block 4484, having a front of fifty feet on Euclid Avenue by a depth of one hundred and ten feet, and being lot———in City Block 4484, and bounded north by Sanders and self, east by self, south by self and west by Euclid Avenue." Nellie Saunders owned a lot lying just north of the unnumbered lot in controversy, in City Block 4484. *Held*, first, that it is impossible to determine from the words "Sanders and self" how the lot was bounded on the north, and equally impossible to determine how it was bounded on the east and south, for it would be mere conjecture to hold that "self" refers to Kuhn, and even if it does the description would still be wholly insufficient since the evidence fails to show that Kuhn had any land on the north, east or south; *second*, the circuit court acquired no jurisdiction over the subject-matter, and the judgment by default was void, and the sale of land under execution passed no title to the purchaser.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Henry H. Denison* for appellants.

The requirements of the law will be met if the description informs the owner and the public with reasonable certainty what property is to be sold. Doherty v. Real Est. Title, etc., Co., 85 Minn. 520; Kelly v. Sanders, 99 U. S. 441; French v. Patterson, 61 Me. 203; Cooper v. Holmes, 71 Md. 20; Smith v. Messer, 17 N. H. 420; State, Allen, Pros. v. Woodbridge, 42 N. J. Law 401.

*Kinealy & Kinealy* for respondent.

(1) The judgment in the case of City v. Kuhn, under which appellant Johnson claims title, is void, because the order of publication which was published is not the one which was made by the court. Feurt v. Caster, 174 Mo. 289; Adams v. Cowles, 95 Mo. 501; Kelly v. Murdagh, 184 Mo. 377; Land & M. Co. v. Land & Cattle Co., 187 Mo. 420; Stewart v. Allison, 150 Mo. 344; Milner v. Shipley, 94 Mo. 106; Evarts v. Lumber & M. Co., 193 Mo. 433. (2) Said judgment is also void because the petition, taxbill, order of publication and judgment fails to describe the land on which a lien is sought, so as to identify it. Winningham v. Trueblood, 149 Mo. 572; Long v. Higginbotham, 56 Mo. 245; Jones v. Carter, 56 Mo. 403.

WOODSON, J.—This case originated in the circuit court of the city of St. Louis, and was brought under section 650, Revised Statutes 1899, whereby plaintiff seeks to have the court adjudge that he has the fee, and that neither of the defendants has any title in and to the tract of land described in the petition, which is as follows: ''A certain lot of ground in City Block 4484 of the city of St. Louis, State of Missouri, having a front of fifty feet on the east line of Euclid avenue by a depth of 195 and 64-100 feet between parallel lines, and bound as follows: Beginning at a point in the east line of Euclid avenue distant 314.16 feet south of said south line of Labadie avenue, thence eastwardly 195.64 feet to a point 313.46 feet south of said south line of Labadie avenue, thence northwardly and parallel to Euclid avenue fifty feet to a point, thence westwardly 195.64 feet to a point in the east line of Euclid avenue, and thence southwardly along said east line of Euclid avenue fifty feet to the point of beginning.''

Charles Kuhn is the common source of title.

The plaintiff claims title by purchase under execution sale, on September 9, 1902, under a personal judgment rendered against said Kuhn in favor of the Thomas Realty and Building Company, on December 17, 1896.

The defendant Johnson claims title to the lot of ground in controversy through a purchase on August 8, 1902, under an execution sale founded upon a judgment rendered in a proceeding brought by the city of St. Louis against Charles Kuhn on a special taxbill, issued for benefits assessed against the lot in the matter of the opening of Terry avenue.

The petition in that case stated that said benefits were assessed against a certain lot of ground in the city of St. Louis in City Block 4484, having a front of fifty feet on Euclid avenue by a depth of 110 feet, bounded north by Sanders and self, east by self, south by self and west by Euclid avenue, and alleged that same was owned by the said Charles Kuhn. Summons was duly issued for defendant and directed to the sheriff of the city of St. Louis, and was by him returned with indorsement thereon, defendant not found. Subsequently an affidavit of non-residence was filed, and the court made an order of publication wherein it was stated that the object of the suit was to obtain a special judgment against the real estate described, and which was claimed to be charged with a lien for said special taxbill. The affidavit of P. J. Gordon, publisher of the St. Louis Chronicle, in which the order was directed to be published, was filed, accompanied by a copy of the advertisement, from which it appeared that the notice which was actually published stated that the general nature of the suit was to obtain a judgment on a special taxbill which was a special and first lien upon "a certain lot of ground in the city of St. Louis, being in City Block 4484, having a front of fifty feet on Euclid avenue by a depth of 110 feet,

bounded north by *Landers* and self, east by self, south by self and west by Euclid avenue." On December 23, 1901, a default was entered against defendant and in which it was recited that the defendant "though duly summoned and called, comes not but makes default." On January 6, 1902, a final judgment was rendered in favor of the plaintiff in said tax proceeding, in which nothing was said about the order of publication or service upon the defendant, but merely recites that "the court having fully considered the pleadings, proof and evidence, and being fully advised in the premises doth find for plaintiff," etc.

In the case at bar the finding and judgment of the court were for the plaintiff, and the defendants excepted and have duly appealed the cause to this court.

The defendant, St. Louis Press Brick Co., has not filed an abstract of record, statement or brief in this court as required by the rules thereof, and for that reason its interest will not be discussed in this opinion.

I. There is but one question presented by this record which calls for a ruling by this court. It is contended by the appellant, Johnson, that the description of the land in question was properly described in the petition, order of publication and proof of publication in the case of the city of St. Louis against Charles Kuhn, a non-resident, based upon the special taxbill therein mentioned, and that the publication was in conformity to the requirements of section 575, Revised Statutes 1899, and for that reason he claims the service on Kuhn was valid, which gave the circuit court jurisdiction over him and the real estate described in the petition filed in that cause, and that the judgment rendered therein was valid, and that the execution sale thereunder passed and vested the title thereto in him; but, upon the other hand, the respond-

ent contends that the judgment is void because the petition, taxbill, order of publication and judgment fail to describe the land against which it was sought to foreclose the lien of the special taxbill.

The petition described the land as follows: "A certain lot of ground in the city of St. Louis, being in City Block 4484, having a front of fifty feet on Euclid avenue by a depth of 110 feet, and being lot —— in City Block 4484, and bounded north by Sanders and self, east by self, south by self and west by Euclid avenue." The description in the order of publication is the same as that given in the petition, but the description in the proof of publication uses the name Landers instead of the name Sanders, and in all other respects it is the same as the description found in the petition and order of publication.

The question is now presented, was that description sufficient to give the court jurisdiction over the subject-matter of that suit? In order to correctly answer that question, we will have to analyze the words used in describing the land.

The word "Sanders" used in the petition and order of publication, viewed under the light of a deed introduced in evidence, we take to be the name of a person who owned a lot of ground adjoining and lying just north of a portion of the land in controversy.

The deed above mentioned was from the Baker Edwards Building Company to Nettie Saunders, dated May 16, 1893, and the land conveyed thereby was described in the following words and figures, to-wit: "A lot of ground in City Block 4484, beginning at a point in the east line of Euclid avenue 224.08 feet south of Labadie avenue, extending eastwardly for a distance of 110.59 feet to a point 223.5 feet south of Labadie avenue, thence southwardly in a line parallel with said Euclid avenue for a distance of 40.09 feet, thence westwardly to a point in the east line of said Euclid avenue

264.17 feet south of said Labadie avenue, thence north-wardly along the east line of said Euclid avenue to point of beginning.'' But when we look at the words ''Sanders and self'' found in the description, as a phrase, their meaning is not so clear, and we can only conjecture that the pronoun ''self,'' in the absence of evidence, stands for and represents some one, whose name is not disclosed, who also owned a tract of land adjacent to and lying just north of the land in question, and that the two tracts belonging to Sanders and self taken together constitute the northern boundary of the lot of ground sued for; but as stated, this is purely a conjecture as there is no evidence contained in the record which bears out that conjecture or throws any light upon the meaning of the word ''self.'' Again, the allegations in the petition and the order of publica-tion that the property is bounded on the north, east and south by ''self'' are absolutely meaningless. Mr. Web-ster defines the word ''self'' as ''a person as a distinct individual; a being as having a personality,'' and that '' 'self' is united to certain personal pronouns and pro-nominal adjectives to express emphasis or distinction.'' With these definitions borne in mind it is impossible to tell to whom ''self'' refers in the description of the property. If the word refers to Sanders, then the ground would be described as fifty feet on Euclid av-enue by 110 feet deep, bounded north, east and south by Sanders, but there is no evidence to be found in this record which tends to show Sanders had any land lying on the east and south of the land in question, and it would, therefore, be no description of the prop-erty whatever. While upon the other hand, if the word ''self'' refers to Kuhn then the description would be fifty feet on Euclid avenue by 110 feet deep, bounded north, east and south by Kuhn, but the record also fails to show that Kuhn owned any land north, east or south of the property involved in this suit. So,

looking at the description in the most favorable light and from every conceivable view point, it absolutely fails to point out any land which an engineer could locate by the description given. That being true the circuit court acquired no jurisdiction over the subject-matter, and the judgment by default in the case of the City of St. Louis against Kuhn is void and of no force or effect, and the sale of the land on execution thereunder passed no title thereto to Johnson. [Winningham v. Trueblood, 149 Mo. 572; Long v. Higginbotham, 56 Mo. 245; Jones v. Carter, 56 Mo. 403.]

II.    There are several other points made and discussed in the briefs of counsel for both appellant and respondent, but as the ruling contained in paragraph one of this opinion completely bars appellant's right to the relief prayed for, it becomes unnecessary to pass upon them.

Finding no error in the record, the judgment of the trial court is affirmed.

All concur.