| 87 | 233 |
|----|-----|
| 96 | 545 |

| 87 | 233 |
|-----|-----|
| 149 | 584 |
| o149 | 587 |
| o150 | 347 |

GOLDSWORTHY *et al.*, *Plaintiffs in Error*, *v.* THOMPSON.

Order of Publication: DESCRIPTION OF PROPERTY: PRACTICE. An order of publication directed to non-resident parties in an action to enforce the states's lien for taxes upon real property need not describe the property. This is only required in suits for partition. R. S., sec. 3494.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*S. H. Corn* for plaintiffs in error.

As the order of publication is intended to perform the office of the service of summons and a copy of the petition, it ought to contain all of the requisites of these

two instruments, so that, should the defendant see and read the order as published (and the law presumes that he does) he could safely conclude that it was or was not necessary for him to defend the action. *Janney v. Spedden*, 38 Mo. 395; *Durossett's Administrator v. Hale*, 38 Mo. 346; *Bobb v. Woodward*, 42 Mo. 482.; *Haywood v. Russell*, 44 Mo. 252; *State ex rel. v. Staley*, 76 Mo. 158. The order of publication was insufficient and the court had no jurisdiction of the defendants in the tax suit.

*Hiram Smith, Jr.*, and *Wm. Henry* for defendant in error.

It was not necessary that the order of publication should contain a description of the property against which the lien for taxes was sought to be enforced. If the enumeration of one thing can ever exclude another, the statute excludes the propriety of such description in a case of this kind, by singling out suits in partition and requiring in such suit the description of "the property sought to be partitioned." Sec. 3494, R. S.

HENRY, C. J.—This is an action of ejectment to recover possession of lot number three, in block number thirty-two, in the town of Cameron, Clinton county. The petition is in the usual form and the answer a general denial. Defendant had judgment below and plaintiffs have brought the cause to this court on writ of error. On the twenty-third of July, 1879, the legal title to the lot was in the plaintiff, Sarah E. Goldsworthy, and defendant claims title under a deed executed by the sheriff of said county, he having sold the same on the eightteenth of October, 1880, under an execution issued on a judgment rendered in the circuit court of said county at its April term, 1880, in a cause in which the state, on the relation of the collector of said county, was plaintiff and these defendants, together with one William C.

Foreman, administrator, etc., William Hollington and Sarah L. Hunt, were defendants, the object of which was to enforce a lien against said lot for state and county taxes. The validity of this deed is assailed on the ground that these defendants had no notice of that proceeding. With the petition in said cause an affidavit was filed as to the non-residence of all of said defendants except William Hollington. Thereupon, the court made an order of publication giving the style of the suit, the names of the parties, stating that it was to enforce the lien of the state against certain real property owned by the said defendants, and notifying them to appear at the next term of said court, etc. This was duly published and the only point made of any importance is that the lot was not described nor was any property specifically mentioned.

The statute, section 3494, provides that in all actions for the enforcement of liens against real estate, if the plaintiff "allege in his petition, or file an affidavit, stating that all or a part of defendants are non-residents of the state, etc., the court * * * shall make an order directed to the non-residents * * * notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, and in suits *in partition*, describing the property sought to be partioned," etc. The affidavit was in due form, and there is nothing in the section which requires the order of publication to contain a description of the land in any other than a suit for partition of lands. The order of publication is a substitute for the service of a writ of summons, and it is assumed by the law that it will give the defendant notice of the pendency of the suit against him, and if he desires to learn what is specifically alleged against him, he will go to the office in which it is filed and examine the petition. The order of publication contained all that the statute requires. And by its due publication the court acquired jurisdiction, both

over persons of the defendants and the subject-matter of the controversy, which warranted the court in rendering a judgment in the proceeding which merely enforced the lien against the land.

The judgment is affirmed.    All concur.