MILNER, *Appellant*, v. SHIPLEY.

1. **Tax Suits** : PERSONAL JUDGMENT : TITLE OF PURCHASER. There can be no personal judgment in tax suits, even where there is personal service. A sale under a valid judgment in such cases transfers to the purchaser only the title and interest of the defendant to the suit.

2. ———— : JURISDICTION. In tax suits the court acquires jurisdiction of the property of the defendants by the filing of the petition and publication of the notice ordered to be made, and no judgment can be rendered against property different from that described in the petition and order of publication, which would not be void and open to collateral attack.

3. **Practice** : JUDGMENT ROLL : RECITALS IN JUDGMENT, HOW CONTRADICTED. The petition and order of publication are as much a part of the record proper as the judgment itself, and where there is any conflict between the recitals in the judgment as to the terms of the order, and the order itself, the latter must control, for a recital of the order must yield to the order itself.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*C. W. Thrasher* for appellant.

(1) The record shows, and it is virtually conceded by plaintiff, that, at the commencement of the suit for taxes against Marshall E. Palmer and A. M. Palmer, his wife, on August 16, 1879, said A. M. Palmer, as widow of Thomas W. Cecil, was the owner, absolutely, under the homestead law, of one undivided half part of the land in controversy, and that Marshall E. Palmer was the owner of the other undivided half part of the same. After 1865, and before the act of March 16, 1875 (see Laws 1875, p. 60), on the death of the husband, the widow took the entire title of her deceased husband to his homestead. G. S., p. 450, sec. 5 ; *Skouten v. Wood,*

57 Mo. 380 ; *Gragg v. Gragg*, 65 Mo. 343 ; *Rogers v. Marsh*, 73 Mo. 64. (2) The court below erred in admitting in evidence the files of the circuit court of Greene county, Missouri, for the purpose of contradicting the facts recited in said judgment, and thereby impeaching the same. *Kane v. McCowan*, 55 Mo. 181, 200 ; *Freeman v. Thompson*, 53 Mo. 183 ; *Johnson v. Gage*, 57 Mo. 160 ; *Warren & Dalton v. Lusk*, 16 Mo. 102 ; *Baker v. Stonebraker's Adm'r*, 34 Mo. 172 ; *Rumfelt v. O'Brien*, 57 Mo. 569 ; *Bernecker v. Miller*, 44 Mo. 102 ; *Latrielle v. Dorleque*, 35 Mo. 233 ; Freeman on Judg. [3 Ed.] sec. 130. (3) The judgment and sheriff's deed under which appellant claims title being valid on their face, cannot be attacked in this collateral proceeding by the defendant in this suit, who is a stranger to such judgment. *Hardin v. Lee*, 51 Mo. 241 ; *Holliday v. Jackson*, 21 Mo. App. 660, 668 ; *Carson v. Sheldon*, 51 Mo. 436 ; *Groner v. Smith*, 49 Mo. 318 ; *Childs v. Shannon's Adm'r*, 16 Mo. 331 ; *Winston v. Affalter*, 49 Mo. 263 ; *Kane v. McCown*, 55 Mo. 181 ; *Johnston v. Gage*, 57 Mo. 160 ; *Wellshear v. Kelley*, 69 Mo. 343 ; *Huxley v. Harrold*, 62 Mo. 516 ; *Lenox v. Clark*, 52 Mo. 116 ; *Bromley v. Ranney*, 67 Mo. 280 ; *Jasper County v. Wadlow*, 82 Mo. 172 ; *McIlwrath v. Hollander*, 73 Mo. 114 ; *Hewett v. Weatherby*, 57 Mo. 276 ; *Howard v. Stevenson*, 11 Mo. App. 410 ; *State ex rel. v. Sargent*, 12 Mo. App. 228, 237 ; *Adams v. Larrimore*, 51 Mo. 130 ; *Knoll v. Woelkin*, 13 Mo. App. 275 ; *Gilkerson v. Knight*, 71 Mo. 403 ; *Rosenheim v. Hartsock*, 90 Mo. 357 ; *Burnett v. McCluey*, 92 Mo. 230.

*Massey & McAfee* for respondent.

We concede, of course, the well-accepted principle that a judgment cannot be attacked in a collateral proceeding for any irregularity or defect, or other than for fraud or want of jurisdiction. In this case we submit that the court never acquired any jurisdiction over the south half of lot 5, Kimbrough's second addition to the

city of Springfield, and that the judgment upon which Milner's tax title is based is, therefore, void. A void judgment can be impeached or attacked by anybody at any time and in any kind of a proceeding, when said judgment may be called into question. *Janney v. Spedden*, 38 Mo. 395; *Latimer v. Railroad*, 43 Mo. 105; *Fithian v. Monks*, 43 Mo. 521; *Abbott v. Sheppard*, 44 Mo. 273; *Napton v. Leaton*, 71 Mo. 358; *Presbyterian Church v. McElhinney*, 61 Mo. 540; *Crow v. Meyersieck*, 88 Mo. 411; *Decker v. Lidwell*, 3 Mo. App. 586; *Meyer v. Hartman*, 14 Mo. App. 30. The files of the suit upon which the tax judgment is based are as much records in that cause as the judgment roll itself, and are proper and competent testimony to show that said judgment is void. *Janney v. Spedden*, 38 Mo. 395; *Crow v. Meyersieck*, 88 Mo. 411, and authorities cited.

BLACK, J.—This is an action of ejectment for the south half of lot 5, in Kimbrough's second addition to the city of Springfield. Plaintiff, for a link in his title, depends upon a sheriff's deed, based upon a judgment of the circuit court in a suit of the state at the relation of the collector against M. E. and A. M. Palmer for the enforcement of the state's lien for taxes for the years 1869 and 1877. There are two additions to the city of Springfield, one known and designated on the plat as Kimbrough's addition, and the other known and designated as Kimbrough's second addition. There is a lot 5 in each of these additions. The petition in the tax suit describes the property as the south half of lot 5, in Kimbrough's addition, and the defendants are alleged to be the owners thereof. There was no personal service. The defendants did not appear to the suit. The order of publication and the notice published pursuant thereto in the newspaper follow the petition in the description of the property, but the judgment and sheriff's deed describe the property as in the second addition.

There can be no personal judgment in these tax suits, even where there is personal service. The effect of a valid judgment and sale thereunder is to transfer to the purchaser the title and interest of the defendants to the suit. It is their interest only which is conveyed. The court acquires jurisdiction of the property and of the defendants, by the filing of the petition and publication of the notice ordered to be made. It follows, as a corollary, that it is the property, and that only, described in the petition and order of publication, of which the court gets jurisdiction. The court might as well have pronounced judgment against any other lot in Springfield as against this one in the second addition.

It is said the court erred in allowing the judgment to be impeached by the files of the court. The judgment recites that the defendants had been "duly notified by publication," etc. This recital is doubtless conclusive, in a collateral proceeding like this, that the order made by the clerk in vacation had been duly published according to the command of the order. But the petition and order of publication are as much a part of the record proper—the judgment roll—as the judgment itself. If there is any conflict between the recitals in the judgment, as to the terms of the order, and the order itself, the latter must control, for a recital of the order must yield to the order itself. *Crow v. Meyersieck*, 88 Mo. 411. A judgment which is erroneous, or irregular, or both, cannot be impeached collaterally. *Rosenheim v. Hartsock*, 90 Mo. 365; *Burnett v. McCluey*, 92 Mo. 230. But here the court had no jurisdiction to render a judgment against property, different from that described in the petition and order of publication. The judgment is, therefore, void, and open to collateral attacks. *Janney v. Spedden*, 38 Mo. 397.

The judgment is affirmed. Ray, J., absent. The other judges concur.