WINNINGHAM, Appellant, v. TRUEBLOOD.

### Division Two, May 23, 1899.

1. **Ejectment**: VALIDITY OF ATTACHMENT CONSIDERED. In ejectment the validity of attachment proceedings by which the defendant in ejectment came into possession of the land may be considered.

2. **Breach of Contract**: BORROWING MONEY: FAILURE TO EXECUTE NOTE: NOTICE. Upon failure of one to keep his part of an agreement to execute a note and mortgage for money loaned to him, a cause of action arises in favor of the lender upon the receipt of the money by the borrower, and no notice of rescission of the contract is necessary.

3. **Judgment**: COLLATERAL ATTACK: NO CAUSE OF ACTION STATED. A judgment can not be collaterally attacked for want of jurisdiction because the petition does not state a cause of action, since, if it states a case belonging to a general class over which the authority of the court extends, jurisdiction is conferred.

4. **Attachment**: PROPER SERVICE. Revised Statutes 1889, section 543, requiring the writ and petition in attachment to be served upon the defendant as an ordinary summons, is sufficiently complied with by service of the petition and an ordinary summons four days after the levy of the writ; the defendant appearing in the action, making no objection, obtaining a change of venue, and filing an answer.

5. ———: WHEN LIEN ATTACHES. The lien of an attachment dates from the filing of the abstract of attachment in the recorder's office.

6. ———: WRIT: RETURN. A sheriff's return of a writ of attachment is sufficient, though it fails to state that the levy was made to satisfy "any debt or damages and costs," since Revised Statutes 1889, section 543, requires only that the sheriff shall attach a sufficient amount of land, "to satisfy," etc.

7. ———: FILING ABSTRACT WITH RECORDER: NOTICE. The abstract of attachment required by Revised Statutes 1889, section 543, to be filed in the recorder's office, is sufficient notice, if filed on the date of the levy, though not recorded on that day.

8. ———: ORDER OF PUBLICATION: MISDESCRIPTION OF LAND. An order of publication in an attachment suit which misdescribes the land is fatally defective. (Goldsworthy v. Thompson, 87 Mo. 233, overruled.)

Winningham v. Trueblood.

9. ———: ———: ———: COLLATERAL ATTACK IN SUBSEQUENT EJECT-
MENT. Defendant in an attachment suit, upon whom notice is served
only by publication, which notice is fatally defective by reason of a
misdescription of the land in suit, may attack the judgment in a sub-
sequent ejectment suit.

10. ———: ———: NON-RESIDENCE: SUFFICIENT: COMPLIANCE WITH
STATUTE. An order of publication in an attachment suit reciting,
"And it appearing to the satisfaction of the court that the defendant
is a non-resident of the State of Missouri, and can not be summoned in
this action," etc., is a sufficient compliance with Revised Statutes
1889, sections 2022, 2024, inasmuch as it must be read in connection
with the return of the sheriff, reciting, "W. not found in my county,"
and also as the words referring to non-residency may be rejected as
surplusage. (Cruzen v. Stephens, 123 Mo. 337, overruled.)

*Appeal from Laclede Circuit Court.*—HON. C. C.
BLAND, Judge.

REVERSED AND REMANDED.

L. O. NIEDER for appellant.

(1) The petition states an executory contract to convey
real estate in Wright county, Missouri, and before McClain
could bring suit against Winningham, he must terminate such
contract by first giving to him reasonable notice in writing;
that he, at certain specified time, would terminate the contract;
that is, a reasonable time, according to the circumstances of the
case, within which he would expect the title to be made as con-
tracted at the peril of rescinding the agreement. Mastin v.
Grimes, 88 Mo. 478; Tobin v. McCann, 17 Mo. App. 481.
(2) Unless the Polk county circuit court, at the time of the
rendition of the judgment, recited in the answer of the defend-
ants at the April term, 1892, had jurisdiction of the person of
the defendants and of the subject-matter in issue, as shown by
the whole record, the judgment rendered against C. C. Win-
ningham, was and is void and it makes no difference whether
he appeared to the suit or not. Brown v. Woody, 64 Mo.
547. (3) The writ of attachment and the levy under it

are void, for the reasons, first, that it would not if served
order the defendant, Curtis C. Winningham, to appear
at the term mentioned to answer the complaint of anyone;
second, because the return of the officer is insufficient
in this that it does not show that the levy was made
to satisfy any debt, or damages and costs.   Nor was the
defendant served with a copy of the petition and writ, as
required by the statutes governing suits commenced by origi-
nal attachment.   And when the action is commenced by at-
tachment the writ must contain a summons to the defendant.
R. S. 1889, sec. 538; Baisley v. Baisley, 113 Mo. 548; Aber-
nathy v. Moore, 83 Mo. 70; Norvell v. Porter, 62 Mo. 311.
It appears from the record that C. C. Winningham had no
notice of the attachment, either by process served upon him
or by constructive notice.   The judgment is therefore void,
and will be so treated in a collateral proceeding.   Brown v.
Woody, 64 Mo. 548; Howard v. Thornton, 50 Mo. 292; Adams
v. Cowles, 95 Mo. 507; Cloud v. Inhabitants, 86 Mo. 366;
Troyer v. Wood, 96 Mo. 480.   A notice which falls short in
any essential particular of apprising the defendant of the ob-
ject and nature of the suit commenced, will not be sufficient
to authorize a judgment against him.   Bobb v. Woodward,
42 Mo. 489; Janney v. Spedden, 38 Mo. 395; Colville v. Judy,
73 Mo. 654; Bobb v. Woodward, 42 Mo. 483; Janney v.
Spedden, 38 Mo. 400; Gibson v. Vaughan, 61 Mo. 420; Peake
v. Redd, 14 Mo. 79; Abernathy v. Moore, 83 Mo. 68.   The
return, in order to empower the court to make the order of
publication, should have been in the language of the statute.
The return of the sheriff and the order of publication itself
ignores the statute, section 2024.   State ex rel. v. Finn, 11 Mo.
App. 410.   It is the *non est* return which constitutes the basis
upon which this class of publications are made, it supplies the
place of an affidavit of non-residence.   State ex rel. v. Finn,
87 Mo. 315.   (4)   In all cases where constructive or substi-
tuted service is had in lieu of that which is personal, there must

be a strict compliance with the statutory provision and conditions. Charles v. Morrow, 99 Mo. 646; Quigly v. Bank, 80 Mo. 289; Shell v. Leland, 45 Mo. 289; Wade on Notice, sec. 1030; Settlemeyer v. Sullivan, 97 U. S. 444; Quigly v. Bank, 80 Mo. 297. (5) The court had no jurisdiction to render the judgment against property different from that described in the petition and order of publication, and when it is done, the judgment is absolutely void. Widner v. Shipley, 94 Mo. 109; Janney v. Spedden, 38 Mo. 397; Brown v. Woody, 64 Mo. 548; Cloud v. Inhabitants, 86 Mo. 357; Howard v. Thornton, 50 Mo. 292; Adams v. Cowles, 95 Mo. 506; Hines v. Rule, 121 Mo. 254.

F. M. MANSFIELD for respondent.

(1) The writ of attachment was duly issued and levied on the lands and an abstract of such levy filed with the recorder of deeds; the defendant was duly served with process and appeared to the merits of the action in the Wright county circuit court and filed his answer, application and affidavit for a change of venue, and a change of venue was on his application awarded to the circuit court of Polk county; and upon a trial of said cause judgment was duly rendered against the defendant C. C. Winningham. Baisley v. Baisley, 113 Mo. 544. (2) The judgment of the Wright county circuit court, a court of general jurisdiction, setting aside the deed under which plaintiff claims, is conclusive in this collateral proceeding. Freeman v. Thompson, 53 Mo. 183; Rumfelt v. O'Brien, 57 Mo. 569; Baker v. Stonebraker, 34 Mo. 172; Adams v. Cowles, 95 Mo. 501. A judgment on order of publication can not be impeached collaterally. State ex rel. v. Ross, 118 Mo. 23; Freeman v. Thompson, 53 Mo. 183. A judgment which is not void as appears from the record is not subject to collateral attack. Myers v. McRay, 114 Mo. 377; State ex rel. v. Ross, 118 Mo. 23. The records and findings of a court of general jurisdiction import absolute verity. Rumfelt v. O'Brien,

57 Mo. 569; Dunham v. Wilfong, 69 Mo. 355. The court found that defendant had been duly notified as shown by recitals in the judgment. This finding of a court of general jurisdiction is not subject to collateral attack. Childers v. Schantz, 120 Mo. 305; Brawley v. Ranney, 67 Mo. 280. The order of publication is sufficient; it need not describe the land, This is only required in suits for partition. Goldsworthy v. Johnson, 87 Mo. 233; Allen v. Ray, 96 Mo. 542; Freeman v. Thompson, 53 Mo. 183. An order of publication made by the court on return of "not found" is valid as against collateral attack. Cruzen v. Stephens, 123 Mo. 337. Plaintiff's pretended purchase was during the pendency of the attachment suit. The filing of the petition, issuing and service of the writ of attachment and filing notice of the levy of same was notice to all the world. The filing is the delivering of the paper to the proper officer. Grubbs v. Cones, 57 Mo. 83; Baker v. Henry, 63 Mo. 517; Bensley v. Haberle, 20 Mo. App. 648.

SHERWOOD, J.—Change of venue to Laclede county of an action of ejectment for the east half of the northwest quarter and the west half of the northeast quarter of section 8, township 30, range 13, situate in Wright county. Defendant entered a general denial and also set up matter authorizing equitable relief, which was prayed. The reply tendered the general issue.

The plaintiff's abstract of record discloses in substance this state of facts: That the plaintiff, John R. Winningham, and C. C. Winningham are brothers. That in the year 1890, C. C. Winningham, after obtaining a loan of nine hundred dollars on a farm in Wright county from a loan company, transferred all his property to his son, Jas. O. Winningham, and went to the State of Oregon. While there he arranged with one F. McClain, his brother-in-law, to borrow one thousand dollars to aid him in the purchase of a farm, agreeing to secure the payment by mortgage on the farm to be purchased.

That after he returned to Missouri he represented to Mr. Mc-Clain by letters that he had contracted for a farm in Wright county for twenty-four hundred dollars, that he did not want to go in debt but desired to pay cash; that he had fourteen hundred dollars which he would pay the seller the next day, and wanted to borrow one thousand dollars to complete the payment, and would give him a note secured by mortgage on the farm. That upon receipt of this letter McClain forwarded to C. C. Winningham a draft for one thousand dollars on the National Park Bank of New York, together with a note to be signed and secured by mortgage on the farm purchased, and to be returned to McClain. That on the twenty-eighth day of March, 1891, C. C. Winningham purchased of one J. W. Perry the land in controversy and paid for the same with the money borrowed from McClain, and caused the deed therefor to be made to, and in the name of his son, James O. Winningham and refused to execute and deliver to the said McClain a note and mortgage to secure the payment of the said sum of one thousand dollars as he had agreed to do. That upon the receipt of the draft for one thousand dollars from the said McClain, C. C. Winningham suddenly lost all interest in his "dear brother and sister," and from that time he stopped all correspondence with them; and did not so much as acknowledge the receipt of the money or draft. That in September, 1891, C. C. Winningham caused the arrest of his son, James O. Winningham, on a charge of embezzlement. That on or about the twenty-sixth day of September, 1891, the trouble between him and his son was adjusted, and the land conveyed to C. C. Winningham. That on the twentieth day of January, 1892, the said McClain commenced suit in the Wright county circuit court by attachment against C. C. Winningham to recover the said sum of one thousand dollars. The affidavit for the writ was based, in part, on the fraudulent contracting of the debt. That a writ of attachment was issued and was, by

the sheriff on the twenty-first day of January, 1892, levied upon the lands in question and abstract of such levy filed with the recorder of deeds.    That at the March term, 1892, of the Wright county circuit court, C. C. Winningham appeared and filed his answer thereto and also filed his application and affidavit for a change of venue; that a change of venue in said cause was granted to the circuit court of Polk county; that at the April term, 1892, of the Polk county circuit court, upon a trial, judgment was duly rendered in said cause against C. C. Winningham for one thousand and ninety-three dollars and thirty-eight cents.    That between the dates of granting the change of venue in the Wright county circuit court and the rendition of the judgment in the Polk county circuit court, to wit, on the thirty-first day of March, 1892, C. C. Winningham executed a deed to his brother, the plaintiff John R. Winningham, and filed the same with the recorder of deeds of Wright county for record and paid the recorder the fee for recording the same; that the deed was left with the recorder subject to the orders of the grantor, C. C. Winningham.    That on the seventh day of June, 1892, a general execution was issued on the judgment rendered in the Polk county circuit court, directed to the sheriff of Wright county, which execution was by the sheriff of Wright county, on the twenty-first day of July, 1892, duly levied on the lands in controversy; that at the August term, 1892, of the Wright county circuit court the land was, by virtue of said execution, sold to satisfy said judgment and execution and at such sale the said McClain became the purchaser thereof and the sheriff executed and delivered to him a deed in due form conveying to him the said land.    That the said McClain afterward commenced his action in the Wright county circuit court against the plaintiffs, John R. Winningham and C. C. Winningham, for the purpose of having the deed made by C. C. Winningham to John R. Winningham set aside; and to recover possession of said land.    That at the September term, 1893, of the Wright county circuit court

upon a trial of said cause judgment was duly rendered in favor of the said McClain against C. C. and John R. Winningham, declaring and adjudging the deed made by C. C. Winningham to John R. Winningham on the thirty-first day of March, 1892, fraudulent and void as against the deed made by the sheriff of Wright county conveying to the said McClain the said land, and for possession of same.   That a writ of restitution was issued on said judgment and the said McClain by virtue of said writ of restitution put in the possession of said land. That on the fifth day of June, 1894, the said F. McClain, by general warranty deed, conveyed the lands in question to the defendant, B. F. Trueblood.   That the plaintiff John R. Winningham, commenced in the circuit court of Wright county this action in ejectment to recover possession of said lands and on his application a change of venue was awarded to the circuit court of Laclede county.   That on a trial of said cause in the latter court the judgment was adverse to the plaintiff, from which judgment plaintiff appeals to this court.

1.   The action of ejectment herein and the equitable defense set forth in the answer, bring in question the validity of the precedent steps which brought about the present suit, and resulted in the judgment from which plaintiff appeals.   It is asserted that it appears on the face of the answer to this action that the former action of attachment brought by McClain against C. C. Winningham was prematurely brought, as it had not at the time the suit was brought ripened into a cause of action which McClain could enforce in an action at law, inasmuch as "the petition (sic) states an executory contract to convey real estate in Wright county, Mo., and before McClain could bring suit against Winningham, he must terminate such contract by first giving to him reasonable notice in writing, that he, at a certain specified time, would terminate the contract.   That is, a reasonable time, according to the circumstances of the case, within which he would expect the title to be made as contracted at the peril of rescinding the agreement. [Mastin v. Grimes, 88 Mo. 478.]"

In other words it is gravely announced to this court, that because C. C. Winningham did not do as he had agreed, to wit, send to McClain a note and deed of trust to secure the payment of the $1,000, which sum the former received; that McClain had no cause of action until he had first notified Winningham that he "would terminate the contract." The only point decided in Mastin v. Grimes, above mentioned, so far as concerns the case at bar, was that where a contract in writing is made between two parties for the sale of a certain tract of land, and no time is specified therein in which the conveyance is to be made, that there, the vendee, after reasonable notice to the vendor to comply with his contract, and failure to do so, the vendee might treat it as canceled. There, the contract was executory; here it was fully performed on McClain's part, and the debt became at once, and absolutely due just as soon as Winningham received the money, and that contract of indebtedness Winningham could not avoid merely by failing to keep his plighted word to execute and send the note and deed of trust to McClain, when the money was received. McClain's cause of action became complete just so soon as Winningham received the money. Besides, it was competent for McClain to waive the unkept promise about the note, etc., and sue for the money loaned.

But aside from other considerations already mentioned, it was wholly immaterial whether the petition in McClain's attachment suit against Winningham stated a cause of action or not, because "whether a complaint does or does not state a cause of action, is, so far as concerns the question of jurisdiction, of no importance; for, if the complaint states a case belonging to a general class over which the authority of the court extends, there is jurisdiction, and the court has power to decide whether the pleading is good or bad." [1 Elliott's Gen. Prac., sec. 230; Hunt v. Hunt, 72 N. Y. 217, and other cases cited in the text-book referred to.] In all such cases collateral

attack on the judgment rendered is altogether inadmissible. [Vanfleet's Col. Attack, sec. 61, pp. 80, 82, 83; Ib., sec. 236.]

So that in this instance it must be held that the judgment was valid, even should it be conceded that the petition stated no cause of action; a concession which will not be made.

2. Objection is made to the method of the service of the writ of attachment. The return made by the sheriff on that writ was this: "Executed the within writ in the county of Wright, and State of Missouri, on the twenty-first day of January, 1892, by seizing and attaching all the right, title, and interest of the defendant, Curtis C. Winningham, in and to the following described real estate, to wit: East half of the northwest quarter, and west half of northeast quarter of section eight, township thirty, range thirteen of Wright county, Missouri. John Newton, Sheriff."

The statute, section 543, Revised Statutes 1889, requires the writ and petition to be served upon the defendant as an ordinary summons. This was not done at the time the writ was levied on the litigated land, but on the same day of such levy, the clerk issued to the sheriff a copy of the petition and an ordinary summons, which were properly served on Winningham on the twenty-fifth day of January, 1892. The writ of attachment contained a clause of summons, but it was not filled out. It may be that the exigency of the case was such that counsel for plaintiff found it necessary to move with dispatch in order to forestall the movements of Winningham, and therefore attached the land before serving, or getting opportunity to serve process on Winningham; and if that was counsel's idea, subsequent events certainly seemed to justify it, and to show his apprehensions to be well founded. But, however, that may be, the levy of the writ of attachment would not be "void" by reason of the writ not having been served on Winningham, since he was served as aforesaid and afterward appeared to the action, obtained a change of venue to Polk county, filed an ordinary answer to the action and never by plea in abatement

even so much as questioned the validity of the grounds of the affidavit for the attachment. But whether he questioned the validity of the attachment or not, cuts no figure in that case, since Winningham's appearance to the action and his taking a change of venue, would have given the circuit court full jurisdiction over his person even if no process had been served upon him [Baisley v. Baisley, 113 Mo. 544]; and the service of the process alone was of equal validity, and the judgment being a general one, bound the land from the date of the levy of the writ, as to which see further in the next paragraph.

3.    Nor was there any defect in the return of the sheriff because it failed to state that the levy was made to satisfy "any debt, or damages and costs," because section 543, Revised Statutes 1889, makes no such requirements; it only requires in this regard, that the sheriff shall attach a sufficient amount of land "to satisfy," etc.

4.    Relative to the filing of the abstract required by section 543, the record shows that it was "Filed for record, January 21st, 1892, at 4 o'clock, 30 minutes, p. m.    Fred E. Townley, Recorder." The fact that this abstract was not recorded as it should have been, did not rob it of its notice-giving attributes. And the abstract having been filed on the date of the levy, the lien of the attachment dated from that date and was good against all the world from that time; so that J. R. Winningham not having received a conveyance of the land until March 31, 1892, took subject to the pending attachment action, and when that culminated in a judgment and sale thereunder, that sale necessarily swept away any right or interest which John R. Winningham acquired by reason of the deed made to him by C. C. Winningham.    [Meier v. Meier, 105 Mo. 411; Huff v. Morton, 94 Mo. loc. cit. 410; Lackey v. Seibert, 23 Mo. 85; Ensworth v. King, 50 Mo. 477; Huxley v. Harrold, 62 Mo. 516.]

McClain acquired a good title to the land; and this is true whether the deed to J. R. Winningham was fraudulent or not.

Prior to the time when section 543 was amended, the date of the levy of the writ was the point from which the lien of the attachment took effect. [Huxley v. Harrold, 62 Mo. 516; Hall v. Stephens, 65 Mo. loc. cit. 682.] But now the lien starts with the filing of the abstract. [Stanton v. Boschert, 104 Mo. 393.]

5. The disposition of the above points brings on for discussion the sufficiency of the proceedings against C. C. Winningham and J. R. Winningham instituted by McClain in the Wright circuit court in 1893, being a suit to set aside the deed aforesaid from C. C. Winningham to J. R. Winningham, and to declare it fraudulent and void and to divest the title of the land in controversy out of J. R. Winningham and to vest the same in McClain.

Upon the filing of the petition in that cause summons issued to the sheriff who made thereon the following return: "Executed the within writ in the county of Wright on the 25th day of January, 1893, by delivering a copy of the within petition and summons to the within named defendant C. C. Winningham. John H. Winningham not found in my county. John N. Pryor, Sheriff Wright County, Mo."

The order of publication in the cause, evidently based on the return aforesaid, states among other things: "And it appearing to the satisfaction of the court that the defendant is a non-resident of the State of Missouri, and can not be summoned in this action," etc. A portion of the order of publication we deem a sufficient compliance with sections 2022 and 2024, Revised Statutes 1889, inasmuch as it must be read in connection with the return, and inasmuch also, as the words referring to non-residency may be rejected as surplusage. Had not the order of publication contained a clause of the purport aforesaid, it would have been invalid, as having no basis on which to rest. These views differ from those expressed in Cruzen v. Stephens, 123 Mo. 337, but that case will not be followed.

And the return of the sheriff above quoted, is perhaps sufficient as to J. R. Winningham as the middle letter is not regarded as part of the name, and besides, this matter of the return can be amended when this cause goes back, as it must, as will more fully appear in the next paragraph.

6.    But the order of publication is not valid because it misdescribes the land in suit, giving it as the east half of the northwest qr. and the west of the northwest qr., section 8, township 30, range fourteen.    This is a fatal defect, so far as concerns John R. Winningham.    On this topic FAGG, J., aptly remarks:    "The true meaning of the statute in such cases is that it (the publication) shall go to the extent of a substantial statement of all the objects of the suit."    [Bobb v. Woodward, 42 Mo.482.] It is impossible that the publication should do this, unless it properly describes the property in litigation.

On this point, however, counsel for defendant cites and relies on the case of Goldsworthy v. Thompson, 87 Mo. 233, where it was held that as section 3494 (now section 2022, R. S. 1889), provides that "in suits in partition describing the property sought to be partitioned," that therefore, where a suit is brought to enforce a tax lien, a description of the property was not necessary. This view is indefensibly wrong, and for these reasons: In the first place the opinion overlooks other provisions of the same section, to wit:    "In suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanic's liens, and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court, if the plaintiff or other person for him, shall allege in his petition, or at the time of filing the same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are

non-residents of the State, or is a corporation of another State, kingdom or country, and can not be served in this State in the manner prescribed in this chapter, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law can not be served upon them, the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition." . . .

Now, if you are required to state "the object and general nature of the petition," how is it possible to do this unless you describe the land to be affected by the contemplated judgment or decree? Would it be seriously contended that a decree would be valid which should result from an order of publication "stating briefly the object and general nature of the petition" to be to obtain the enforcement of a vendor's lien on land, without describing the subject-matter of the suit? This question furnishes its own negative answer. In the second place even if the statute should in terms deny the necessity of notice or be silent on the subject, the law in the latter case would imply that notice must be given, as has so often been decided by this, and other courts. [Brown v. Weatherby, 71 Mo. 152; Wickham, Adm'r, v. Page, 49 Mo. 526; Laughlin v. Fairbanks, 8 Mo. loc. cit. 370.]

And what the law will imply is as much part and parcel of the legislative enactment as though set forth therein in terms. [State ex rel. v. Board, 108 Mo. loc. cit. 241; State ex rel. v. Laclede Gaslight Co., 102 Mo. loc. cit. 485; Sutherland, Stat. Const., sec.334; State v.Grant,79 Mo. loc. cit.122; State ex rel. v. Walbridge, 119 Mo. 383.]

In the third place, provision for notice is part and parcel of "due process of law." [Cooley on Taxation (2 Ed.), 363, 364.] It is axiomatic that no person can be passed upon in

person or estate without opportunity afforded him of being heard. [Russell v. Grant, 122 Mo. loc. cit. 173, 174.]

This subject is pointed out by and illustrated in a somewhat recent decision, thus: In Hassall v. Wilcox, 130 U. S. 493, a ruling was made quite *apropos* the point in hand; there the State law made no provision for notice to other lienholders, but provided that such lienholders might intervene and become parties to a suit instituted in the State court, and gave the holder of a mechanic's lien priority over all other liens, and though a suit was brought in the State court and judgment recovered by the mechanic lienholder against the railroad property, yet it was held that as to a plaintiff lienor under a mortgage not made a party to such proceeding, the judgment in the State court could not operate even as *prima facie* evidence against the mortgage lienor, and might be questioned by him in the federal court in a proceeding in that court to foreclose the mortgage. In that case the former ruling of Windsor v. McVeigh, 93 U. S. 274, is cited with approval, where it is held that even in a proceeding *in rem* some form of notice is as essential and indispensable as in other cases.

In the case under consideration therefore, the publication not having complied with statutory requirements must be regarded as a nullity, "because, wherever service is had or notice given with the view of subsequent adjudication, such service or notice must comply with statutory requirements in order to possess any legal efficacy. [Allen v. Mfg. Co., 72 Mo. 326, and cases cited.] Mere notice of service, not according to law, brings no one into court, nor does mere knowledge on the part of the party notified of the pending proceedings have any more valid effect. [Potwine's Appeal, 31 Conn. 381; Smith, Merc. Law, 322.] Wherever proceedings are intended to result in an adjudication, and such proceedings differ from the course of the common low, a strict compliance with all material directions of the statute is essential. [Freem. Judgm. (3 Ed.), sec. 127, and cases cited.] No such compliance with the statute

can be claimed here." [Wilson v. Railroad, 108 Mo. loc. cit. 596, and cases cited.] Moved by these considerations we overrule the case of Goldsworthy v. Thompson, *supra*.

7. John R. Winningham, in consequence of circumstances already related, did not have his day in court, consequently, was a stranger to the suit of McClain against C. C. Winningham and himself. This being the case, it was entirely competent for him to attack collaterally the decree entered in the cause aforesaid. [Russell v. Grant, 122 Mo. loc. cit. 180, and cases cited.]

8. In concluding this opinion it is well enough to say that so far as concerns the merits as disclosed by the evidence, they are altogether with defendant, but because of the error mentioned the decree must be reversed and the cause remanded. All concur.