### STEWART et al. v. ALLISON, Appellant.

#### Division Two, June 6, 1899.

1. **Suit for Taxes**: NO PERSONAL JUDGMENT.    In a suit for the collection of delinquent taxes against land, there can be no personal judgment against the owner even where there is personal service. Where process is by publication it is only by the petition and the publication of the notice ordered to be made, that the court acquires jurisdiction of the property and the defendant.

2. ———: PROCESS BY PUBLICATION: DESCRIPTION OF LAND THEREIN. Prior to 1889 in a suit for delinquent taxes based on an order of publication against non-residents or unknown heirs, the judgment against and the sheriff's sale and deed thereunder of a tract of land not described in the order of publication, are all void.

3. ———: ———: CONFLICT BETWEEN JUDGMENT AND ORDER. And where the judgment describes one tract of land and the order of publication another, even though the judgment states that the order described the land as it is described in the judgment, the description contained in the order of publication will control, and the recital in the judgment must yield to the order itself.

*Appeal from Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

J. S. FRANCISCO for appellant.

(1) A purchaser at a sheriff's sale looks only to the judgment, execution, levy and sheriff's deed. All other questions are between the parties to the judgment and the sheriff. Lenox v. Clark, 52 Mo. 115; Hewit v. Weatherby, 57 Mo. 276; Childers v. Schantz, 25 S. W. 210; Wellshear v. Kelley, 69 Mo. 343. (2) In a suit for back taxes an order of publication against non-resident or unknown parties need not describe the land. R. S. 1889, secs. 2022-2029; Goldsworthy v. Thompson, 87 Mo. 233; Allen v. Ray, 96 Mo. 542. (3) The order of publication complained of contains all the requirements of the statute. The statute does not require the description of the land in the order of publication nor in the published notice. Hence, when the description is inserted it is merely surplusage and will not invalidate proceedings if it is wrong. (4) Publication against unknown parties is required to be the same as against non-residents. R. S. 1889, sec. 2027. Irregularities in making publication can not be questioned collaterally. Grover v. Smith, 49 Mo. 318; Hollard v. Adair, 55 Mo. 40; Wellshear v. Kelley, 69 Mo. 343; Jasper Co. v. Wadlow, 82 Mo.

172; Cruzen v. Stephens, 123 Mo. 337. (5) The recitals in a judgment as to notice by publication can not be collaterally assailed. Bradley v. Ranney, 67 Mo. 280; Ramfelt v. O'Brien, 57 Mo. 569; Freeman v. Thompson, 53 Mo. 183; Roberts v. St. Louis, 126 Mo. 460.

C. A. DENTON for respondents.

The judgment in the tax proceedings on which appellant relies for his title is void. (a) Because the recitals in the order of publication, as to the description of the land sought to be charged with taxes is not the land against which the judgment was taken. Milner v. Shipley, 94 Mo. 106; Crow v. Meyersieck, 88 Mo. 411; Adams v. Cowles, 95 Mo. 507. (b) Because a judgment, by default in service by publication, is void when taken against property other than the property described in said order of publication as the property sought to be charged with a lien in the said suit, for no judgment could be rendered different from the one authorized by the proceedings of which the defendant was given notice. Janney v. Spedden, 38 Mo. 395; Roberts v. Land Improvement Co., 126 Mo. 469; Vaughn v. Daniels, 98 Mo. 234.

BURGESS, J.—This is an action of ejectment for the possession of the northeast quarter of the northeast quarter of section thirty-one, township forty of range thirty-one in Bates county.

The petition is in the usual form, and the answer a general denial.

Plaintiffs recovered judgment in the court below for the possession of the land, from which judgment defendant after an unsuccessful motion for a new trial appeals.

Both parties claim title under one O'Brian Guinn, the plaintiffs as his only heirs at law, the defendant by virtue of a judgment of the circuit court of Bates county in favor of the State of Missouri, at the relation and to the use of C.

Hirni, *ex officio* collector of the revenue of Bates county, and against W. A. Stephens and the unknown heirs of O'Brian Guinn, for the sum of $12.95 for certain delinquent taxes due against said land, and execution thereon, and sheriff's sale and deed made in pursuance thereof.

The service of process was by publication and the judgment by default. The order of publication was against the southeast quarter of the southeast quarter of section thirty-one, and not against the land described in the judgment, execution and sheriff's deed, so that the only question to be passed upon by us is with respect to the validity of the judgment, and subsequent proceedings thereunder.

The position taken by plaintiffs is that the judgment, execution and the sheriff's deed made in pursuance of the sale made thereunder were void, because the land therein described was not the same land described in the order of publication, by reason of which the court was without jurisdiction and the judgment and all subesquent proceedings thereunder void. Upon the other hand defendant's position is, that in a suit for back taxes against land an order of publication against non-resident or unknown parties need not describe it.

In suits for the collection of delinquent taxes against land there can be no personal judgment against the owner even where there is personal service, and it is only by the petition and the publication of the notice ordered to be made that the court acquires jurisdiction of the property and of the defendant. Prior to 1889, in orders of publication in suits for the purpose of enforcing the State's lien against land for delinquent taxes, it was necessary that the order describe the land proceeded against, otherwise the court acquired no jurisdiction over it, and the judgment was void. [Milner v. Shipley, 94 Mo. 106.] The order of publication is as much a part of the record proper as the judgment itself. And "if there is any conflict between the recitals in the judgment,

as to the terms of the order, and the order itself, the latter must control, for a recital of the order must yield to the order itself." [Milner v. Shipley, *supra;* Crow v. Meyersieck, 88 Mo. 411; Adams v. Cowles, 95 Mo. 501.] Unless therefore, a description of the land is rendered unnecessary by section 2022, R. S. 1889, the court was without jurisdiction in the suit for delinquent taxes, and the judgment and sheriff's sale and deed thereunder were void.

This statute underwent critical and careful review by SHERWOOD, J., in the recent case of Winningham v. Trueblood, 149 Mo. 572, and it was ruled that in all suits for delinquent taxes the purpose of which is to enforce the State's lien against the land, and the service of process is constructive, that is, by publication, the land must be described in the order of publication, otherwise the judgment will be void.

In that case Goldsworthy v. Johnson, 87 Mo. 233, was expressly overruled. Nothing can be added to the opinion in the Winningham case with respect to what was said upon this subject, and that case is decisive of the case at bar.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.