HENRY B. MARSHALL, Defendant in Error, v. FRANCES B. MARSHALL, Plaintiff in Error.

**Kansas City Court of Appeals, April 1, 1901.**

1. **Trial Practice:** RECORD PROPER: ORDER OF PUBLICATION. An order of publication is a part of the record proper.

2. **Divorce:** DECREE: FINDING OF NOTICE. It is not necessary to its validity that a decree of divorce should recite on its .face that notice of any kind was given to the defendant.

Error to Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

The judgment below, rendered as it was without either service upon or notice to the plaintiff in error, is utterly void. Bascom v. Young, 7 Mo. 1; Smith v. Ross, 7 Mo. 464; Anderson v. Brown, 9 Mo. 646; Roach v. Burnes, 33 Mo. 319; Sevier v. Roddie, 51 Mo. 585; Napton v. Leaton, 71 Mo. 367; Meyer v. Hartman, 14 Mo. App. 130.

*W. D. Leeper* for respondent.

The judgment below is valid. The record shows service upon the plaintiff in error by publication. R. S. 1899, sec. 575.

ELLISON, J.—Plaintiff obtained a judgment against defendant for divorce in the Livingston Circuit Court. The

defendant afterwards sued out a writ of error and the case is thus before us for review. The record brought here by defendant consists of the petition and judgment. The judgment does not recite or show that there was any service on, or appearance by, defendant. Plaintiff afterwards applied for and had sent here a supplemental or additional record consisting of an order of publication by the clerk in vacation. Defendant contends that the judgment is without notice and, therefore, void. Her contention, in its entirety, is that the record fails to show notice, and that what plaintiff has brought up as supplementary to the record presented by defendant, is not a part of the record.

The defendant's view is erroneous. An order of publication is a part of the record proper (Milner v. Shipley, 94 Mo. 106) and defendant was at fault in not bringing it up as a part of the record in the first instance.

But, as just stated, the judgment itself does not recite or purport to find that there was notice of any kind given to defendant. It is not necessary to its validity that it should do so. McClanahan v. West, 100 Mo. 309. The judgment is affirmed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.