Ozark Land & Lumber Co. v. Lasley.

OZARK LAND & LUMBER COMPANY, Appellant, v. F. M. LASLEY et al., Respondents.

St. Louis Court of Appeals, April 9, 1901.

Order of Publication: LIEN FOR BACK TAXES: JURISDICTION OF COURT: JUDGMENT BY DEFAULT. A notice, by publication, that the State had brought suit to enforce its lien for taxes against the northwest quarter, section 19, township 35, range 5, will not authorize the court to render a judgment by default and enforce the lien of the State against a different tract of land situated sixty miles away from the land described in the order of publication.

Appeal from Oregon Circuit Court.—*Hon. William N. Evans,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

Suit is to recover damages from the defendants for cutting and removing pine timber from the northwest quarter and southwest quarter, section 19, township 25, range 5 in Oregon

county, Missouri, and to restrain defendants from committing waste thereon. The answer was a general denial. The plaintiff recovered judgment for damages committed on the southwest quarter, but on account of an instruction given by the court, which declared that plaintiff had not shown title to the northwest quarter, the issues as to this section were found for the defendants. After an unsuccessful motion for a new trial plaintiffs appealed.

*Botsford, Deatherage & Young* for appellant.

The maintaining of said tax-suit, followed by said sheriff's deed against said northwest quarter of section 19, township 25, range 5, in the name of "J." Barclay who was the owner of said lands, was and is sufficient. Mosley v. Reily, 126 Mo. 124; Nolan v. Taylor, 131 Mo. 224. These cases overruled the case of Skelton v. Sackett, 91 Mo. 379, and the opinions of Division No. 1 in these two cases, in 126 and 131 Mo. are so exhaustive and complete as to make further argument upon this one point unnecessary. The misdescription of said northwest quarter of section 19, township 25, range 5, in said order of publication, by which it was described as the northwest quarter of section 19, township 35, range 5, does not render the judgment and sheriff's sale in said tax-suit void in this collateral proceeding.

*Couch & Livingston* for respondents.

BLAND, P. J.—In plaintiff's chain of title to the northwest quarter was a sheriff's deed based on a judgment for back-taxes rendered against J. Barclay, the record owner. The deed was regular on its face and contained the usual statutory recitals. To impeach the validity of the sheriff's deeds, defendants introduced the proceedings in the back-tax suit, by which it

appeared that Barclay was a non-resident and that he was notified of the pendency and object of the suit by publication. The order of publication described the land as the northwest quarter of section 19, township 35, range 5. The judgment, which was by default, followed the petition and described the land correctly as did the execution and sheriff's deed. The sole question in the case is as to the sufficiency of the order of publication to confer jurisdiction on the court to render the judgment which it did render. In other words did a notice that the State had brought suit to enforce its lien for taxes against the northwest quarter, section 19, township 35, range 5, authorize the court to render a judgment by default and force the lien of the State against a different tract of land situated sixty miles away from the land described in the order of publication. This question is answered in the negative by an able and exhaustive opinion by Judge SHERWOOD, in the case of Winningham v. Trueblood, 149 Mo. 572, and followed by Stewart v. Allison, 150 Mo. 343.

The judgment is affirmed.