GAIUS M. BRUMBAUGH, *Appellee*, v. S. T. WILSON *et al.*,
*Appellants*.

No. 16,382.

#### SYLLABUS BY THE COURT.

1. JUDGMENTS — *Validity—Default—Petition Demurrable—Collateral Attack.* In a collateral attack on a judgment rendered on a default the judgment will not be held void, even if the petition upon which it was rendered does not state facts sufficient to constitute a cause of action.

2. ——— *Record of the Proceedings Lost—Secondary Evidence —Presumptions.* Where the proceedings of a court are attacked as void years after they occurred, and where the primary evidence of such proceedings is shown to have been lost or destroyed, the court may consider such secondary evidence as may be presented, and may entertain every reasonable presumption consistent with such evidence in support of the validity of such proceedings.

Appeal from Hodgeman district court; CHARLES E. LOBDELL, judge. Opinion filed March 12, 1910. Affirmed.

#### STATEMENT.

ON March 18, 1901, the appellee brought an action in the district court of Hodgeman county to recover a judgment on a note of $600 and to foreclose a mortgage given on land in that county to secure the payment of the note. The appellants were made parties defendant, and the petition alleged that since the execution of the note and mortgage they had purchased the lands, and by the terms of their deed therefor had assumed the payment of the note and mortgage. On March 18, 1901, a summons was duly issued to the sheriff of Hodgeman county for all of the defendants, and returned "not found in my county, after making diligent search, as to each of said defendants." A proper affidavit for service by publication was filed, and due publication and proof thereof was made to the

court. Thereafter, in January, 1902, an order of sale was issued by the clerk of the court, delivered to and commanding the sheriff to advertise and sell the land in question, without appraisement, "to satisfy one judgment for the sum of $564, with interest from the first day of December, 1890, at 12 per cent per annum, and costs of suit, taxed at $12.15, together with accruing costs, according to a judgment rendered by the district court of the twenty-third judicial district of the state of Kansas, sitting in and for Hodgeman county, on the 28th day of May, 1901, at the May term of said court, in a certain action then and there pending wherein Gaius M. Brumbaugh was plaintiff and Hiram L. Pratt, Mary E. Pratt, John P. Freese, S. T. Wilson and Mrs. Wilson, his wife, R. S. Mercer and Mrs. Mercer, his wife, James L. Hutchinson and Mrs. Hutchinson, his wife, and S. E. Forman were defendants, and that you return this order." Afterward the sheriff made due return of the order of sale, stating that the land had been sold for the sum of $100 to Gaius M. Brumbaugh, he being the highest and best bidder for cash therefor. On March 2, 1902, upon the motion of the appellee, the sale was confirmed by the court. The order of confirmation recites:

"And the court having examined the proceedings of said sheriff, under said order of sale, finds that the same have been made in all respects in conformity with law, and, no exceptions being filed or objections made, it is ordered and adjudged by the court that said sale and proceedings be and the same are hereby approved and confirmed; and it is further ordered that A. E. Sweet, sheriff of said county of Hodgeman, make and execute to the purchaser thereof at said sale a good and sufficient deed for the premises so sold."

On March 10, 1908, the appellants, Wilson and Mercer, filed their motion in that action to set aside the order of sale, confirmation and deed to the land, for the reason "that the same was null and void in that the purported judgment ordering said order of

sale recited in said order of sale was neither rendered by this court, in that no judgment was ever rendered or entered by this court in said cause upon which said order of sale was issued or upon which it was founded, and for the further reason that the purported petition filed by said plaintiff herein did not and does not state a cause of action against said defendants or any of them." In support of this motion Wilson filed his affidavit that he was one of the defendants named, and that at all times since 1870 he had been a resident of the state of Kansas, residing and doing business during a portion of the time in Topeka, Shawnee county, and a portion of the time in Emporia, Lyon county, and was well known in that city; that he had no notice or knowledge whatever of the above-entitled action until August, 1907; and that at all times since January 1, 1890, he was a resident of, and could have been served with summons within, the state. On the hearing of the motion the clerk of the court was also sworn as a witness and testified that he had made investigation of the records in this case to ascertain whether or not there was a journal entry of judgment therein, and that there was no such entry. The appellee thereupon introduced the appearance docket of the court in the cause, which showed the following entry: "May 28, 1901. Journal entry filed; judgment for $564, interest at 12 per cent; sale after six months." No further evidence was offered. The court, after hearing arguments, denied the motion, and Wilson and Mercer excepted and appealed to this court.

*J. G. Hutchison,* for the appellants.

*W. S. Kenyon,* for the appellee; *J. S. West,* of counsel.

The opinion of the court was delivered by

SMITH, J.: The appellants in this case do not in their motion ask that the judgment be opened up and that they be allowed to come in and defend, that jus-

tice to all parties may be done. On the other hand they seek to avoid the proceedings under the judgment, and aver (1) that no judgment should have been rendered for the reason that there was no legal process served or notice given to confer jurisdiction on the court, as the affidavit for publication was not true; (2) that there should have been no judgment for the reason that the petition does not state a cause of action, but on the other hand shows that the action was barred by the statute of limitations at the time the petition was filed; and (3) while conceding that the appearance docket is a record of the court, required by law to be kept, and is evidence that a judgment was rendered and a journal entry thereof filed, they contend that such docket does not prove any judgment or decree ordering the sale of the land, but shows, if anything, a personal judgment which, at least, the court had no jurisdiction to render. We will consider these questions in their order.

(1) It is conceded that a proper affidavit was filed, a sufficient notice duly published, and the publication was approved, but it is said that the affidavit therefor was false. A sufficient answer is the following from the syllabus in *Davis v. Land Co.,* 76 Kan. 27:

"An affidavit filed as provided by section 73 of the code of civil procedure (Gen. Stat. 1901, § 4507), followed by the publication of a notice in accordance with section 74 of the code (Gen. Stat. 1901, § 4508), which are, on examination, approved by the court as required by section 75 of such code (Gen. Stat. 1901, § 4509), confers jurisdiction upon the court to hear and determine the action in which such service is made; and a judgment rendered therein is valid and unimpeachable, unless assailed for a cause and within the time prescribed by the statute, even though the affidavit was untrue and the defendant was ignorant of the pendency of the action and made no appearance therein."

Indeed, "a judgment based upon a willfully false affi-

davit for service by publication is not absolutely void."
(*Duphorne v. Moore,* post.)

(2) The expiration of the time for bringing an action is a matter of defense. Only explicit allegations which show, not inferentially but directly, that the statutory time has run render a petition demurrable. Otherwise the question must be raised by a special plea. (*Parker v. Berry,* 12 Kan. 351; *Chellis v. Coble,* 37 Kan. 558.) The petition in this case does not affirmatively show that the cause of action was barred at the time of filing thereof. Even if the petition was demurrable, the judgment rendered thereon is not void nor can it successfully be collaterally attacked. In *Wyandotte County v. Investment Co.,* 80 Kan. 492, it was said:

"Where a court has jurisdiction of the subject matter of an action and of the parties, a petition which alleges sufficient facts to challenge the attention of the court as to its merits, and to authorize the court to deliberate and act, is sufficient to sustain a judgment rendered in the action upon evidence, as against a collateral attack on the ground that the judgment is void; and this although the petition may have been demurrable on the ground that it did not state facts sufficient to constitute a cause of action." (Syllabus.)

(See, also, *Chellis v. Coble,* supra; *Horner v. Ellis,* 75 Kan. 675; *Rowe v. Palmer,* 29 Kan. 337; *Davis v. Land Co.,* supra.)

(3) But, it is contended, even if the court had jurisdiction to render a judgment valid as against a collateral attack, there is no judgment of record in this case, nor is there evidence of any judgment having been rendered which would authorize the issuance of the order of sale, the sale and confirmation, or the sheriff's deed made in pursuance thereof. It would probably have been the better practice had the appellee, before entering upon the hearing of the appellants' motion, moved the court for a *nunc pro tunc* entry, if the evi-

dence of the judge who rendered the judgment or the clerk who should have recorded the journal entry or the attorney who drew it could have been obtained. However, as against the unconscionable advantage which the appellants seek to gain through the omission of the clerk to record the journal entry, we think the court was right, under the evidence produced, in denying the motion. The appearance docket evidenced that a judgment had been rendered and a journal entry thereof had been prepared and filed; that the amount of the judgment was $564, with interest at 12 per cent, and the sale was to be held after six months. How should the court have interpreted this record? The petition, after alleging facts, prayed for a personal judgment in favor of the appellee and against the appellants, for a foreclosure of the mortgage, and the sale of the land to satisfy the judgment prayed for. Personal service of summons had been attempted, but was not secured; then a service by publication was made and approved. The court could not reasonably infer that the judgment was personal, but could only say that it was a judicial determination of the sum due upon the note and mortgage—a judgment *in rem.* "Sale after six months" fairly meant a decree of foreclosure and for the sale of the land described in the mortgage after a six months' stay of execution, in accordance with the statute in force at the time the mortgage was given. Again, the order of sale, issued less than eight months after the judgment was rendered, recited the terms of the judgment and is some evidence thereof, although not of the highest class. A public officer is presumed, in the absence of evidence to the contrary, to have done his duty, and there is a presumption that the prepared journal entry had then been lost from the files. Where the proceedings of a court are attacked as void years after they occurred, and where the primary evidence of such proceedings is

shown to be lost or destroyed, the court may consider such secondary evidence thereof as may be presented, and may entertain every presumption, consistent with such evidence, in support of the proceedings of the court.

The order denying the motion is affirmed.