ROBERT P. O'CONNOR *et al.* Appellants, *vs.* THE BOARD OF
TRUSTEES OF FIREMEN'S PENSION FUND OF THE CITY
OF CHICAGO *et al.* Appellees.

*Opinion filed October 28, 1910—Rehearing denied Dec. 8, 1910.*

1. JURISDICTION—*judgment void for lack of jurisdiction of subject matter is open to collateral attack.* If the trial court has no jurisdiction of the subject matter of a suit its judgment is void and can be attacked in a collateral proceeding as effectively as it can be in a direct proceeding.

2. SAME—*test in determining whether the court had jurisdiction of subject matter.* The test in determining whether the trial court had jurisdiction of the subject matter of a particular suit is whether that court, under any circumstances, would have authority to enter such orders and judgment as it did enter, and if so, then it had jurisdiction of the subject matter, and the matters involved in the particular suit cannot be inquired into in a collateral suit.

3. SAME—*when circuit court has jurisdiction of subject matter.* The circuit court has jurisdiction to hear and determine petitions for *mandamus* against public boards, such as a board of trustees of a pension fund, to compel such boards to perform the duties imposed upon them by law, and the fact that in a particular case the court may have committed error in entering the judgment does not render such judgment void and open to collateral attack.

4. RES JUDICATA—*when judgment of circuit court in a mandamus case is binding.* A judgment of the circuit court awarding a writ of *mandamus* to compel the board of trustees of a police pension fund to place the petitioners upon the roll as pensioners is not void for the alleged reason that the board had, in the particular case, decided against the petitioners' claims and that such decision, under the statute, was not subject to review by the courts; but such judgment is binding upon the parties, and those in privity with them, until reversed on appeal or writ of error.

5. SAME—*judgment against board of trustees is binding upon all persons they represent.* A judgment of the circuit court awarding a writ of *mandamus* to compel the board of trustees of a police pension fund to place petitioners upon the roll as pensioners is binding not only upon the board but upon all persons interested in the fund, and such judgment cannot be collaterally attacked in equity by persons interested in the fund upon the alleged ground they were not represented in the *mandamus* suit.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding.

Hayes McKinney, (S. P. Shope, and John R. Cochran, of counsel,) for appellants.

Edward J. Brundage, Corporation Counsel, and Clyde L. Day, for appellees the Board of Trustees.

William A. Doyle, (Joseph J. Thompson, of counsel,) for other appellees.

Mr. Justice Cooke delivered the opinion of the court:

The appellants, Robert P. O'Connor, John J. Evans and Peter J. Vogt, all veteran captains in the Chicago fire department and entitled to retire on half pay under the statute, filed their bill against the board of trustees of firemen's fund of the city of Chicago, and against six pensioners of that fund, to restrain the further payment of any sum to the said six pensioners in the way of pensions. The pensioners made defendants were Mathias Benner, Arthur J. Calder, John C. Schmidt, Adolph Wilke, John D. Cavanaugh and Daniel H. Flynn. The defendants filed their several demurrers to the bill of complaint, and the same were sustained, and on motion of defendants the bill was dismissed. From the decree sustaining the demurrers and dismissing the bill the complainants appealed to the Appellate Court for the First District, where the decree of the court in sustaining the demurrers of Benner, Calder, Schmidt and Wilke, and dismissing the bill as to them, was affirmed, and so much of the decree as sustained the demurrers of the defendants Flynn and Cavanaugh and the board of trustees was reversed and the cause remanded, with directions to overrule said demurrers. The appellants then

prayed for and were allowed an appeal from that part of the judgment of the Appellate Court which affirmed the decree of the circuit court as to the appellees Benner, Calder, Schmidt and Wilke, together with a certificate of importance, and the case is here upon that appeal.

As to the appellees Benner, Calder, Schmidt and Wilke, the bill alleged, in part, that Mathias Benner served in the fire department of the city of Chicago from April 5, 1859, to July 16, 1879, when he was discharged from the service, and that he had been out of the service for twenty-eight years when he applied for a pension; that Arthur J. Calder served in the fire department from May 9, 1868, until July 5, 1884, when he resigned in order to avoid a trial upon charges which had been preferred against him for misconduct, and that he had been out of the service for twenty-three years when he applied for a pension; that John C. Schmidt served in the fire department from April, 1860, until August, 1882, when he was discharged because of his refusal to pay just debts incurred while in the service, and that he had been out of the service twenty-six years when he applied for a pension; that Adolph Wilke served in the fire department from January 5, 1859, until January, 1868, when he resigned; that he re-entered the service December 12, 1877, and served until September 1, 1881, when he again resigned, and that he had been out of the service twenty-seven years when he applied for a pension. The bill further alleged that appellees severally applied to the board of trustees of firemen's pension fund of the city of Chicago for pensions; that in each instance, upon an opinion secured from the corporation counsel of the city of Chicago, the pension was denied; that appellees then filed their several petitions for *mandamus* in the circuit court of Cook county to compel the board of trustees to pay them pensions under the statute; that in each of these cases the board of trustees interposed a demurrer to the petition, which demurrers were severally overruled, and the board

having in each case elected to stand by its demurrer, judgments were entered severally in favor of appellees, and the board of trustees in each case prayed an appeal to the Appellate Court; that these appeals were never perfected, and the board of trustees, pursuant to the orders and judgments of the circuit court in the *mandamus* cases, placed the appellees upon the roll as pensioners and allowed them their respective pensions, which have since been regularly paid.

The brief and argument of appellants is very voluminous, and many reasons are assigned why the judgment of the Appellate Court should be reversed. Appellees contend that the judgments in the *mandamus* cases are *res judicata,* and that a court of equity will not in a collateral proceeding inquire into the validity of a judgment entered by a court of law which had jurisdiction of both the parties and the subject matter. To this contention appellants reply that the judgments in the *mandamus* cases are each of them absolutely void because of lack of jurisdiction in the circuit court, and that in any event they could not bind appellants, because they were not parties to the *mandamus* proceedings. The contention is correct that if the circuit court had, under the law, no jurisdiction over the subject matter of those cases then the judgments are each of them void and can be attacked collaterally as effectively as they can be in a direct proceeding. Appellants base their contention that the circuit court lacked jurisdiction to determine the *mandamus* cases upon the ground that the action taken by the board of trustees in passing upon applications for pensions is, under the statute, made final and cannot be reviewed or inquired into by any court. The proper test as to whether the circuit court had jurisdiction is, would that court under any circumstances have the authority to enter such orders and judgments as it did enter? If it had, then it had jurisdiction over the subject matter, and the particular questions and circumstances involved and determined in

those cases cannot be inquired into or attacked in a collateral proceeding.

Circuit courts have jurisdiction to hear and determine petitions for *mandamus* in cases of this class, and if the court has committed error in entering judgment in a petition for *mandamus* where the facts alleged did not warrant the entry of such judgment, relief can be had only through a direct appeal or upon review by writ of error. On this question of jurisdiction, in *O'Brien* v. *People,* 216 Ill. 354, we used the following language, on page 363: "It is well settled that jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. A bill may state conclusions, but if not demurred to and the evidence supports a decree conforming to the general allegations of the bill and the decree is within the power of the court to render, the court has jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction. (*State of Rhode Island* v. *State of Massachusetts,* 12 Pet. 657; *United States* v. *Anedondo,* 6 id. 709; *Grignon's Lessees* v. *Astor,* 2 How. 338; *Applegate* v. *Lexington Mining Co.* 117 U. S. 267.) Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. (*State ex rel* v. *Wolover,* 127 Ind. 306; *Jackson* v. *Smith,* 120 id. 520; *Fields* v. *Maloney,* 78 Mo. 172; *Dowdy* v. *Wamble,* 110 id. 280.) Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has

power to decide, whether the pleading is good or bad. (1 Elliott's Gen. Practice, sec. 230; *Hunt* v. *Hunt,* 72 N. Y. 217; *Winningham* v. *Trueblood,* 149 Mo. 572.) Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be."

If the jurisdiction of the court extended over that class of cases, it was the province of that court to determine for itself whether any particular case of that class was within its jurisdiction, and whether the court decided correctly or not cannot be inquired into in a collateral proceeding. If error is committed in that regard it can only be taken advantage of by appeal or writ of error. (*Gardner* v. *Maroney,* 95 Ill. 552.) The circuit court had jurisdiction over the subject matter involved in the *mandamus* cases, and if any error was committed it cannot be taken advantage of in this collateral proceeding.

Appellants insist, however, that as they were not made parties in the *mandamus* cases and were not represented there they are not bound by the judgments entered and have a right to attack them in this proceeding. Appellants are in error in contending that they were not fully represented in the hearing of those cases by the board of trustees. "It is a well settled rule that a judgment rendered in a court of competent jurisdiction is conclusive between parties and privies in regard to all matters of controversy determined by the judgment, and all persons represented by the parties, both plaintiff and defendant, are bound and concluded as privies by the judgment which may be rendered." (*Singer* v. *Hutchinson,* 183 Ill. 606.) The board of trustees fully represented the appellants and all others interested in this fund in the action taken in regard to the defense in the *mandamus* cases, and the appellants are concluded by the same.

For the reasons above set forth the demurrers of the appellees to the bill were properly sustained and the judg-

ment of the Appellate Court must be affirmed. As appellants are entitled to no relief in this collateral proceeding it is not necessary to notice any of the other points raised.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*