STATE EX REL. DELMOE, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 7,436.)

(Submitted May 20, 1935. Decided June 1, 1935.)

[46 Pac. (2d) 39.]

*Mr. Lew. L. Callaway* and *Mr. S. C. Ford,* for Relator, submitted a brief and argued the cause orally.

*Mr. John F. McGough* and *Mr. P. E. Geagan,* for Respondents, submitted a brief; *Mr. Geagan* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding wherein a writ of supervisory control, or other appropriate writ, is sought directed to the district court of Jefferson county and the Honorable Lyman H. Bennett, the judge thereof. An order to show cause was issued on the filing of the verified petition. The cause came on for hearing on motion to quash, answer, and return.

On November 27, 1911, Louis Allred and others commenced an action in the above district court against Vincent Delmoe and others to adjudicate the waters of Little Pipestone Creek, being cause No. 1870 in the records of that court. Vincent Delmoe's answer and cross-complaint was filed therein on March 29, 1912. Thereafter, on November 11, 1912, the affidavit of T. T. Black, one of the plaintiffs in that action, was filed reciting that certain persons therein named were not parties to the action, but who, as affiant was informed and believed, claimed some right to the waters of Little Pipestone Creek, and therefore were necessary parties to the action. The court on the same day entered an order reciting that upon motion of counsel for the plaintiff it was ordered and directed that the persons and a corporation named in the affidavit, also the Little Pipestone Dairy & Mercantile Company and some other individuals, "be joined as parties defendant in the above-entitled cause, and that the complaint on file herein be amended by the clerk of this court

wherein the action is pending by inserting the names of the persons mentioned in the affidavit.'' The clerk was not directed to amend the complaint by inserting the name of the Little Pipestone Dairy & Mercantile Company by this order.

The minutes of that court of November 11, 1912, recite as follows: ''Order was made directing that [certain named persons] and Little Pipestone Dairy & Mercantile Company be made party defendants in this action and alias summons issued and that the plaintiffs have ten days from this day in which to reply to answer now on file.'' Reply was filed by the plaintiffs to the separate answer of Vincent Delmoe on November 12, 1912.

On April 27, 1914, a decree was entered adjudicating the waters of Little Pipestone Creek. The decree was entered pursuant to written stipulation incorporated therein as between the parties appearing in the action. As to the defendant Vincent Delmoe in that action, it was adjudicated that he was the owner of, and entitled to the use of, 40 inches of water appropriated as of the date of April 1, 1880, and 150 inches appropriated as of date April 1, 1882, from the above-named creek. The minutes of the court for that day recite that the court ordered the default of the defendant Little Pipestone Dairy & Mercantile Company ''be entered for want of appearance in said cause.'' It was stated in the decree that, the defendant Little Pipestone Dairy & Mercantile Company ''not appearing in said suit and cause,'' its ''default for not appearing therein'' had ''been heretofore duly entered according to law.'' It was further adjudicated therein ''that each and every party to this suit who has failed to appear and answer against whom said default has been duly entered, the said parties being as follows, * * * Little Pipestone Dairy & Mercantile Company * * * has no right, title or interest and no right to use any of the waters of the said Pipestone Creek, Little Pipestone Creek, its or their tributaries.'' A perpetual injunction was decreed against the nonappearing parties, and ''that each of them, his heirs, assigns, personal representatives, tenants, subtenants, agents, attorneys, servants, and employees, and every

or either of them, any person acting through or under them, was perpetually restrained from interfering or intermeddling with or molesting any of the ditches or water rights of any and all the parties as therein fixed, ascertained, adjudged and decreed.''

The petitioner herein, Alex Delmoe, is the successor in interest of Vincent Delmoe, one of the defendants in cause No. 1870, and Antone Delmoe is the successor in interest of the Little Pipestone Dairy & Mercantile Company. The judgment and decree made and entered in case No. 1870 has not been appealed from, revised, nor set aside.

In addition to the foregoing facts, the relator herein alleges that during the year 1934 Antone Delmoe had full knowledge of the terms and provisions of the above judgment respecting the use of the waters of Little Pipestone Creek and tributaries, and the right of relator to use the same as the successor of Vincent Delmoe; that Antone Delmoe during the months of June, July and August, 1934, wilfully and intentionally diverted the waters of this creek and its tributaries, and used the same upon lands owned by him, so that none of the water ran down the creek for relator's use, except not over 40 inches during the month of June of that year; that during the months of July and August, 1934, the relator needed water from this creek and its tributaries for the irrigation of more than 200 acres of land, to which 190 inches of the waters of that creek were appurtenant; that on March 7, 1935, relator filed an affidavit in the action in the district court of Jefferson county, showing the use of the waters of Little Pipestone Creek by Antone Delmoe in violation of the judgment and decree, and that an order was entered by the respondent judge directing Antone Delmoe forthwith to show cause before the court why he should not be punished for contempt. He appeared and filed answer, asserting that he was not guilty of any contempt. The contempt proceeding coming on for hearing before the respondent judge, relator offered in evidence the judgment-roll in cause No. 1870, consisting of the complaint, the affidavit of T. T. Black, the order of the district court, the answer of Vincent Delmoe, and

the reply of the plaintiffs therein, the minute entries of the court mentioned supra, and others, together with the judgment. The respondent judge sustained an objection of counsel for Antone Delmoe to the introduction of the judgment-roll in evidence in the contempt proceeding, and thereupon Delmoe was discharged from contempt and the proceeding dismissed.

It is asserted that the district court either had no jurisdiction to make and enter the order or, having jurisdiction to hear and determine the proceeding, erred in making the order of dismissal, from which the relator has no appeal or adequate remedy, other than a writ of review or other suitable writ.

The question presented is whether the judgment-roll in cause No. 1870, so far as it affects the defendant in the contempt proceeding, who is a successor in interest of the Little Pipestone Dairy & Mercantile Company, was subject to attack in that proceeding. Manifestly, the attack there made was collateral. By "collateral attack" is meant "every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio*." (*Burke* v. *Inter-state Savings & Loan Assn.*, 25 Mont. 315, 64 Pac. 879, 881, 87 Am. St. Rep. 416; *Haupt* v. *Simington*, 27 Mont. 480, 71 Pac. 672, 94 Am. St. Rep. 839.) In the *Burke Case*, supra, this court said: "Unless void on its face, or upon the inspection of the judgment-roll, a judgment cannot be successfully attacked collaterally. * * * When, however, the judgment of a court of general jurisdiction, acting within the ordinary scope of that jurisdiction, is assailed collaterally, the presumption of jurisdiction over the person of the defendant is conclusive, unless upon the face of the judgment-roll a lack of jurisdiction affirmatively appears. A judgment, when collaterally attacked, must be tried by inspection of the judgment-roll, and by that alone." The presumption of jurisdiction over the person of the defendant is conclusive, unless upon the face of the judgment-roll a lack of jurisdiction affirmatively appears. (*Haupt* v. *Simington*, supra; *Burke* v.

*Inter-state Savings & Loan Assn.,* supra; *Coburn* v. *Coburn,* 89 Mont. 386, 298 Pac. 349.)

The judgment-roll in this case does not contain the *alias* summons mentioned in the court minutes of November 11, 1922, nor any return or proof of service thereof, or any process upon the Little Pipestone Dairy & Mercantile Company. It contains nothing to indicate that any appearance was ever entered in the water right suit by the Little Pipestone Dairy & Mercantile Company. The question thus presented is, Was the presumption of the validity of the judgment conclusive in this state of the record?

Generally, a judgment is not open to collateral attack merely because the record fails to show the service of process by which the court acquired jurisdiction of the defendant; if the record is silent on this point, it will be presumed that lawful and sufficient process was duly served. (1 Black on Judgments, 2d ed., sec. 271; *Sommermeyer* v. *Schwartz,* 89 Wis. 66, 61 N. W. 311; *Elder* v. *Richmond Gold & Silver Min. Co.,* (C. C. A.) 58 Fed. 536; *Hamer* v. *Cook,* 118 Mo. 476, 24 S. W. 180; *In re Eichhoff's Estate* [*Eichhoff* v. *Eichhoff*], 101 Cal. 600, 36 Pac. 11; *Dye Brothers* v. *Butler,* 209 Ky. 199, 272 S. W. 426.) This rule is likewise applicable where, as here, the record is silent as to service only on some of the parties defendant. (*Stearns* v. *Wright,* 13 S. D. 544, 83 N. W. 587.)

The respondents argue that the rule is otherwise in view of our section 9409, Revised Codes 1921, which enumerates among the papers which must be included within the judgment-roll in case the defendant has not appeared the summons, together with proof of service. However, it is generally held that the absence from the record of papers which ought to have been included within the judgment-roll is not enough to make it appear affirmatively that the court had no jurisdiction. (1 Freeman on Judgments, 5th ed., 820; *Leland* v. *Heiberg,* 156 Minn. 30, 194 N. W. 93; *Sodini* v. *Sodini,* 94 Minn. 301, 192 N. W. 861, 110 Am. St. Rep. 371; *Talbot* v. *Roe,* 171 Mo. 421, 71 S. W. 682.) If the necessary jurisdictional steps must appear from the judg-

138

ment-roll in order to ward off a·collateral attack on the judgment, there would be no occasion ever to invoke the presumption mentioned, supra. (*In re Eichhoff's Estate* [*Eichhoff* v. *Eichhoff*], supra.)

It is suggested that the court was without authority to bring ▇ in the Little Pipestone Dairy & Mercantile Company as a party defendant, since the affidavit filed for the purpose of bringing in additional parties made no mention of this concern. However, the contention is without merit, as in the case of *McKenzie* v. *Evans,* 96 Mont. 1, 29 Pac. (2d) 657, 661, we said: "Section 9090, Revised Codes 1921, provides in part: 'But when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in.' If the necessary parties to a full determination of the controversy are not before the court, it is the duty of the court on its own motion to order them brought in, and this although the defendant in the action may have omitted to raise the objection of defect of parties by demurrer or answer."

It is argued that the decree in this case is one by consent, ▇ and therefore amounts to a contract between the parties, to be construed as any other contracts, and its operation and effect determined from the terms of the agreement. As to the parties who participated in the stipulation, it is a decree by consent, but the Little Pipestone Dairy & Mercantile Company was not a party to this stipulation, and as to it the decree was not one by consent. However, even if we assume that the decree was one by consent, its effect would not be different, for, although an appeal does not lie from a consent decree (*Interior Securities Co.* v. *Campbell,* 55 Mont. 459, 178 Pac. 582), the validity thereof would not be in any way affected, for a decree by consent has all the force and effect of a judgment *in invitum.* (*Mannix & Wilson* v. *Thrasher,* 95 Mont. 267, 26 Pac. (2d) 373.)

It is urged in support of this contention that the provisions ▇ of section 7128, Revised Codes 1921, operate to prevent the

use of decrees entered by consent as evidence. The section, however, only applies to the admissibility of decrees adjudicating the waters of streams in suits involving the rights of appropriators subsequent to the date of the decree, and in such suits, if the decree is entered other than by stipulation, it is prima facie evidence in such cases to the extent and within the rule announced by this court in the case of *Allen* v. *Petrick,* 69 Mont. 373, 222 Pac. 451. The section, it will be observed, is without application here, as the interested parties in this proceeding are successors in interest of the parties to the action wherein the decree was entered, and no attempt was here made, or elsewhere so far as we are advised, to adjudicate the rights of an appropriator subsequent to the date of the decree.

The respondents contend that, from an inspection of that portion of the judgment-roll which was offered in evidence, it appears that the judgment was void, particularly in that the complaint did not state facts sufficient to constitute a cause of action. An inspection of the original complaint reveals that none of the names of the parties brought in as additional defendants under the order of the court were engrossed upon that complaint. As to part of the persons the clerk was directed to make the amendment by interlineation. This was not done. However, no such order was made as to the defendant Little Pipestone Dairy & Mercantile Company.

All that was necessary in order to state a cause of action in a water right suit was to allege that the plaintiff is the owner of the property described, that defendant claims an interest therein adverse to that of plaintiff, and that such claim is without right. (*Bennett* v. *Quinlan,* 47 Mont. 247, 131 Pac. 1067.) An examination of the complaint reveals that each of the plaintiffs separately set forth that they owned certain lands in Jefferson county; that they or their predecessors in interest had appropriated certain quantities of water upon certain days (the method of appropriation is described); that all of the lands described were arid in character; and that the waters appropriated were applied to beneficial uses. Also it was alleged that as to the defendants "above named" they had attempted

to make appropriations of water of Pipestone Creek, and had diverted waters upon lands claimed by them, and that by reason of their acts the defendants had interfered with the vested rights of the several plaintiffs, and that the water rights of the plaintiffs were superior and prior to the rights to the waters belonging to or vested in the defendants, or any of them, and that, by the diversion of waters by the defendants, plaintiffs had been damaged.

By the prayer of the complaint an adjudication was sought of the rights of plaintiffs to the waters of Pipestone Creek and its tributaries; that the defendants be required to appear and set forth their respective claims in and to the waters of these streams; that the rights to the use of the waters of these streams be adjudged and determined, not only as between the plaintiffs and the defendants, but as between the respective plaintiffs and defendants; that the defendants be decreed and adjudged to have no right, title or interest in or to the waters of this stream. Also there was a prayer for general relief.

It will thus be observed that, if the name of the defendant Little Pipestone Dairy & Mercantile Company had been added to those appearing in the caption of the complaint, it would without doubt have contained facts sufficient to constitute a cause of action.

It is contended on behalf of respondent court and judge that, if a complaint is insufficient to state a cause of action, a judgment entered thereon is without jurisdiction, and therefore subject to collateral attack, relying upon what this court said in the case of *Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315. On behalf of relator it is urged that, even though a complaint does not state facts sufficient to constitute a cause of action, the judgment entered thereon is not subject to collateral attack.

Jurisdiction does not depend upon the sufficiency or fullness of the statement of a cause of action pleaded; nor is it of any importance collaterally whether the pleading does or does not state a cause of action, provided it sets forth a case within the court's powers. (1 Freeman on Judgments, 5th ed., 762; *Trans-Pacific Trading Co.* v. *Patsy Frock & Romper Co.*, 189 Cal. 509,

209 Pac. 357; *In re Estate of Ross,* 180 Cal. 651, 182 Pac. 752; *Ruppin* v. *McLachlan,* 122 Iowa, 343, 98 N. W. 153; *Brunbaugh* v. *Wilson,* 82 Kan. 53, 107 Pac. 792; *Acequia Del Llano* v. *Acequia De Las Joyas Del Llano Frio,* 25 N. M. 134, 179 Pac. 235; *Altman* v. *School District,* 35 Or. 85, 56 Pac. 291, 76 Am. St. Rep. 468; note, L. R. A. 1916E, 317; *Chivers* v. *Board of County Commrs.,* 62 Okl. 2, 161 Pac. 822, L. R. A. 1917B, 1296; Van Fleet on Collateral Attack, 80.) If a cause is pleaded belonging to a general class over which the court's authority extends, then jurisdiction attaches, and the court has the power to determine whether the pleading is good or bad and to decide upon its sufficiency as a statement of a cause of action. (Freeman on Judgments, supra; *Tube City M. & M. Co.* v. *Otterson,* 16 Ariz. 305, 146 Pac. 203, L. R. A. 1916E, 303; *Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341, 146 Pac. 880; *O'Connor* v. *Board of Trustees,* 247 Ill. 54, 93 N. E. 124; *Winningham* v. *Trueblood,* 149 Mo. 572, 51 S. W. 399; *In re Nelson's Estate,* 81 Neb. 363, 115 N. W. 1087.) However, if a judgment is rendered by default resting solely upon allegations of a complaint so deficient in substance as conclusively to negative the existence of a cause of action at the time of its rendition, it is void and may be successfully assailed collaterally or otherwise, whenever it is sought to be made the foundation of a claim. (*Roche* v. *McDonald,* 136 Wash. 322, 239 Pac. 1015, 44 A. L. R. 444.)

True, in the case of *Crawford* v. *Pierse,* supra, are found some expressions, as applied to some possible conditions, which would appear to be at variance with what we have said supra. It will be revealed upon a careful examination of that decision that this court there proceeded to analyze the various allegations contained in the complaint under consideration, and determined thereby that the allegations found therein negatived conclusively the existence of a cause of action. It will also be borne in mind that what this court there concluded was not said with reference to a case involving a collateral attack, but was on an appeal from an order setting aside a default —a direct attack. General expressions found in the opinions of the court are to be construed in the light of the facts under

consideration. (*Williams* v. *Anaconda Copper Min. Co.*, 96 Mont. 204, 29 Pac. (2d) 649.) Nor is the rule different because this was a judgment by default, for such judgments will be presumed to have been properly entered when there is nothing in the record inconsistent with such presumption. (3 Freeman on Judgments, 2691; *Evans* v. *Young*, 10 Colo. 316, 15 Pac. 424, 3 Am. St. Rep. 583; *Anderson* v. *Gray*, 134 Ill. 550, 25 N. E. 843, 23 Am. St. Rep. 696; *Schmidt* v. *Stolowski and Hoffmann*, 126 Wis. 55, 105 N. W. 44.) The relief awarded by the decree did not exceed that demanded by the complaint.

The same argument is directed against the allegations of the cross-complaint of Vincent Delmoe. Its allegations were as full and complete as those of the original complaint. What we have already said with reference to the latter complaint effectively disposes of this contention.

The court was in error in refusing to receive in evidence the judgment-roll in cause No. 1870 and dismissing the contempt proceeding.

Let a peremptory writ of supervisory control issue out of this court, directing the trial court and the judge thereof to vacate and annul its order of dismissal, to hear the contempt proceeding and receive in evidence the judgment-roll in cause No. 1870, and after hearing render its decision.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.

Rehearing denied June 28, 1935.