STATE OF MONTANA ex rel. J. L. YUHAS, M. D., RELATOR AND RESPONDENT, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF MONTANA, AND DR. S. A. COONEY, SECRETARY THEREOF, RESPONDENTS AND APPELLANTS.

No. 9795.
Submitted April 6, 1959. Decided May 8, 1959.
Rehearing Denied June 16, 1959.
339 Pac. (2d) 981.

Forrest H. Anderson, Atty. Gen., Melvin E. Magnuson, Helena, for appellant. Melvin E. Magnuson argued orally.

Rankin & Acher, Helena, Goldman & Jordan, Missoula, for respondent. Arthur P. Acher and Wellington D. Rankin, Helena, argued orally.

THE HONORABLE ERNEST E. FENTON, District Judge, sitting in place of MR. JUSTICE CASTLES.

This is an appeal by the Board of Medical Examiners of the State of Montana from an order of the district court directing the issuance of a peremptory writ of prohibition. By that writ the state board was commanded to desist and refrain from any further proceedings with respect to charges of alleged unprofessional and unethical conduct on the part of J. L. Yuhas, M. D.

The proceeding before the state board was instituted by the filing of a complaint and issuance of a citation. The chief contention of the respondent is that that complaint was insufficient, but that question was not presented to the state board. Instead, the respondent applied for a writ of prohibition and the district court ordered the board "to forever desist and refrain absolutely from any further proceedings in said action or matter."

The writ of prohibition "arrests the proceedings of any ▆ tribunal, corporation, board, or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person." R.C.M. 1947, section 93-9201. The term "jurisdiction" as used in this statute, is the power to hear and determine the particular case. State ex rel. Mueller v. District Court, 87 Mont. 108, 116, 285 Pac. 928; State ex rel. Saxtorph v. District Court, 128 Mont. 353, 360, 275 Pac. (2d) 209.

· The charges in the complaint may be said to be indefinite, ▆ uncertain and defective in form. They do however relate to overcharges for services not performed, to an attempted abortion, unauthorized removal of X-rays, and the encouragement of fraudulent claims before the Industrial Accident Board for injuries not actually suffered. Such charges are not outside the scope of the jurisdiction committed to the state board by R.C.M. 1947, section 66-1004, for thereby the state board

is .authorized to revoke the certificate of a physician and ·surgeon "for unprofessional, dishonorable, or immoral conduct."

Accepting the respondent's contention that the complaint ██ was insufficient, still that insufficiency was not a defect which divested the state board of jurisdiction to entertain the proceeding, for it unquestionably .had jurisdiction of the subject matter of the charges. Illustrative of the principle involved is State ex rel. Delmoe v. District Court, 100 Mont. 131, 140, 46 Pac. (2d) 39, 44, wherein the court said:

"Jurisdiction does not depend upon the sufficiency or fullness of ·the statement of a cause of action pleaded; nor is it of any importance collaterally whether the ·pleading does or does not .state a cause of action, provided it sets forth a case within the court's powers. I Freeman on Judgments, 5th ed., 762; Trans-Pacific Trading Co. v. Patsy Frock & Romper Co., 189 Cal. 509, 209 Pac. 357; In re Estate of Ross, 180 Cal. 651, 182 Pac. 752; Ruppin v. McLachlan, 122 Iowa 343, 98 N. W. 153; Brunbaugh v. Wilson, 82 Kan. 53, 107 Pac. 792; Acequia Del Llano v. Acequia De Las Joyas Del Llano Frio, 25 N. M. 134, 179 Pac. 235; Altman v. School District, 35 Or. 85, 56 Pac. 291, 76 Am. St. Rep. 468; note, L.R.A. 1916E, 317; Chivers v. Board of County Com'rs, 62 Okl. 2, 161 Pac. 822, L.R.A. 1917B, 1296; Van Fleet on Collateral Attack, 80. If a cause is pleaded belonging to a general class over which the court's authority extends, then jurisdiction attaches, and the court has the power to determine whether the pelading is good or bad and to decide upon its sufficiency as a statement of a cause of action. Freeman on Judgments, supra; Tube City Min. & Mill. Co. v. Otterson, 16 Ariz. 305, 146 Pac. 203, L.R.A. 1916E, 303; Crouch v. H. L. Miller & Co., 169 ·Cal. 341, 146 Pac. 880; O'Connor v. Board of Trustees, 247 Ill. 54, 93 N.E. 124; Winningham v. Trueblood, 149 Mo. 572, 51 S.W. 399; In re Nelson's Estate, 81 Neb. 363, 115 N.W. 1087." See also State ex rel. Cook v. District Court, 105 Mont. 72, 75, 69 Pac. (2d) 746; Daly Bank & Trust Co. v. State, 132 Mont.

387, 395, 318 Pac. (2d) 230; Olson v. District Court, 106 Utah 220, 147 Pac. (2d) 471, 475.

Illustrative of the application of the above-stated rule to a case such as the one at bar is State Board of Dental Examiners v. Savelle, 90 Colo. 177, 8 Pac. (2d) 693, 695, 698, 82 A.L.R. 1176 (appeal dismissed 287 U.S. 562, 53 S. Ct. 5, 77 L. Ed. 496.) In that case the district court held that the charges were insufficient and that in acting on the complaint the board was without jurisdiction. The Supreme Court said: ''As to the dentists' contention, sustained by the district court, that the dental board was without jurisdiction: The term includes jurisdiction over the subject-matter as well as over the person. Pomeranz v. Class, 82 Colo. 173, 181, 257 Pac. 1086. It 'includes not only the power to hear and determine a cause, but to enter and enforce a judgment.' Williams v. Hankins, 75 Colo. 136, 141, 225 Pac. 243, 245. Counsel for the dentists do not contend that there was any lack of jurisdiction over their persons, by reason of insufficient notice or otherwise. This reduces the question to that of the subject-matter which engaged the attention of the board, namely, the alleged gross violation of professional duty on the part of the accused dentists.

''Infallibility of judgment is not the test of jurisdiction. '* * * Jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action.' Hunt v. Hunt, 72 N.Y. 217, 228-230, 28 Am. Rep. 129 (quoted in an exetnded footnote to page 154, section 129, Pomeroy's Equity Jurisprudence (4th ed). The statute is the sole source of the authority of the dental board and it cannot transcend it (Graeb v. State Board of Medical Examiners, supra [55 Colo. 523, 139 Pac. 1099, 47 L.R.A., N.S., 1063]), but, in dealing with a case such as alleged in the complaint, the matter was germane to section 4575, C.L. 1921, and it is within the power of the board to act. Our conclusion is that whether its judgment was right or wrong, its jurisdiction was complete over the persons of the accused, as well as the subject-matter.''

See also State ex rel. Pearl Assurance Co. v. Holmes, 113 Mont. 144, 124 Pac. (2d) 700.

Even though the complaint be defective in failing to definitely and certainly set forth the alleged unprofessional and dishonorable conduct of the respondent, still it is clearly evident that the charges are within the limited field of authority assigned to the state board by R.C.M. 1947, section 66-1004. Since the board was not acting without or in excess of jurisdiction, the writ of prohibition should not have been granted by the district court.

It should be further stated that, since the charges are within the class of matters which the board is authorized to hear and determine, its jurisdiction also includes the power to determine, in the first instance, the formal sufficiency of these charges; and the respondent's objection thereto should have been made to the board. In an analogous situation, in State ex rel. Reid v. District Court, 134 Mont. 128, 1958, 328 Pac. (2d) 634, 635, it was said: "Here the respondent court has prevented the Board from discharging its constitutional duties. It has issued a writ of prohibition against the Board before it has acted. The action of the court was premature. If the State Board acts arbitrarily or fraudulently or contrary to law, then the courts may intervene. Danforth v. Livingston, 23 Mont. 558, 59 Pac. 916; State v. State Board of Equalization, 56 Mont. 413, 185 Pac. 708, 186 Pac. 697; Johnson v. Johnson, 92 Mont. 512, 15 Pac. (2d) 842.

"Here the Board had jurisdiction and was acting within its jurisdiction when the respondent court interceded by way of a writ of prohibition. This may not be done."

Respondent further contends that no complaint was "delivered" to the state board as required by R.C.M. 1947, section 66-1004, providing that "a written complaint, specifically stating the charges against the person whose certificate is sought to be revoked, must be delivered to the board." It is contended that the complaint is by the board rather than to it, and that the proceedings are unfair because the complaint is made by

the very body required to pass upon the charges. In effect, it is respondent's position that the board is or should be disqualified from hearing charges instituted by it.

In a case in which the governor instituted the removal charges to be tried before himself, State ex rel. Holt v. District Court, 103 Mont. 438, 447, 63 Pac. (2d) 1026, 1030, this court said:

"The second affirmative defense at most merely tended to indicate that the Governor was prejudiced against the commissioners, and, therefore, not a proper person to proceed to hear the evidence in support of the accusations and in defense and thereafter render thereon a decision. The statute authorizing the Governor to remove the commissioners for cause makes no provision for the disqualification of the Governor. What we said with reference to the question of the alleged disqualification of a police commissioner under a similar statute, applies with like force and effect here. In State ex rel. Mueller v. District Court, 87 Mont. 108, 285 Pac. 928, 930, we said: 'The statute makes no provision for the disqualification of members of the commission on the ground of bias or prejudice, and it must be held, in accordance with the law, that, regardless of the personal opinions of its members, this tribunal has exclusive jurisdiction of the subjects delegated to it, and its members are not vulnerable to such attack. Even with respect to judicial officers, it has been held in this state that, unless the statute provides a remedy declaring that bias or prejudice on the part of a judge shall be a disqualification, it cannot be lodged against the officer. In re Davis' Estate, 11 Mont. 1, 27 Pac. 342; In re Weston, 28 Mont. 207, 72 Pac. 512. The rule of disqualification does not apply to officers not judicial, although every case may call for the exercise of judgment and discretion. Works on Jurisdiction, 409; State ex rel. Heimburger v. Wells, 210 Mo. 601, 109 S.W. 758'."

The State Board of Medical Examiners has exclusive jurisdiction of the granting and revocation of certificates admitting physicians and surgeons to practice. Our statutes do not provide for the disqualification of board members. Since

the members are therefore not subject to disqualification, the proceedings before the board may not be restrained by reason of the contention that the board itself initiated the proceedings and is therefore an interested party.

In 42 Am. Jur., Public Administrative Law, section 21, page 312, it is stated that, "The fact that the complaint or charges are made by the same body which tries the issues thereunder does not, in itself, operate as a disqualification." The footnote thereto contains the following statement: "The spectacle of an administrative tribunal acting as both prosecutor and judge has been the subject of much comment but it has never been held that such procedure denies constitutional right. On the contrary, many agencies have functioned for years, with the approval of the courts, which combine these roles."

While proceedings to revoke the license of a physician are generally regarded as administrative rather than judicial, 41 Am. Jur., Physicians & Surgeons, section 61, page 185; 70 C.J.S. Physicians and Surgeons, section 18, page 887, there is nevertheless no uniform acceptance by the courts of the propriety of revocation proceedings which are both initiated and tried by the same body. Illustrating the diversity in this respect, compare Bandeen v. Howard, Ky. 1956, 299 S.W. (2d) 249, and Board of Medical Examiners v. Steward, 203 Md. 574, 102 A. (2d) 248. See also cases cited in Nider v. Homan, 32 Cal. App. (2d) 11, 89 Pac. (2d) 136.

However, there is acceptance by a great majority of courts of the principle that the rule of disqualification must yield to the demands of necessity in that the only tribunal in which relief could be had may not be disqualified when the result would be to prevent a determination of the proceeding. 42 Am. Jur., Public Administrative Law, section 22, page 312; 30A Am. Jur., Judges, section 91, page 58; 48 C.J.S. Judges, section 74, page 1041; Annotation, "Necessity as justifying action by judicial or administrative officer otherwise disqualified to act in particular case." 39 A.L.R. 1476; and cases cited

in Kennett v. Levine, 50 Wash. (2d) 212, 310 Pac. (2d) 244, 249.

This rule of necessity has heretofore been approved by this court. State ex rel, Mueller v. District Court, supra.

The Board of Medical Examiners is the only tribunal vested with the authority to hear and determine the charges against the respondent. If we were to hold that board disqualified, the result would be to permanently foreclose further proceedings to determine whether the respondent's certificate should or should not be revoked. The rule of necessity which prevents such a result is stated in Board of Medical Examiners v. Steward, 203 Md. 574, 102 A. (2d) 248, 252, supra, as follows:

"The rule that every person is entitled to a fair and impartial hearing is specifically applicable in cases of revocation of licenses. However, disqualification will not be permitted to destroy the only tribunal with power in the premises. In Brinkley v. Hassig, 10 Cir., 83 F. (2d) 351, 357, where the Kansas State Medical Board revoked the license of a physician to practice medicine and surgery in the State of Kansas, the Circuit Court of Appeals, speaking through Judge McDermott, stated:

" 'If the law provides for a substitution of personnel on a board or court, or if another tribunal exists to which resort may be had, a disqualified member may not act. But where no such provision is made, the law cannot be nullified or the doors to justice barred because of prejudice or disqualification of a member of a court or an administrative tribunal'."

For the reasons hereinbefore set forth, the judgment of the lower court is reversed and the peremptory writ of prohibition is discharged.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES ANGSTMAN, ADAIR and BOTTOMLY, concur.