No. 13293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

CHARLES ED KNOX,

Relator and Appellant,

-vs-

SCHOOL DISTRICT NO. 1, LEWIS AND
CLARK COUNTY, MONTANA,

Respondents and Respondents.

Appeal from:  District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Charles Petaja argued, Helena, Montana

For Respondents:

C. W. Leaphart, Jr., argued, Helena, Montana.

Submitted:  January 18, 1977

Decided: FEB 3 - 1977

Filed: FEB 3 - 1977

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Relator Charles Ed Knox appeals from denial of his petition for a writ of prohibition. Relator, a professional photographer in Helena, petitioned the district court, Lewis and Clark County, for a writ of prohibition ordering the School Board of School District No. 1, Lewis and Clark County, to desist and refrain from further proceedings in the school district's attempt to secure bids for the taking of student photographs. After hearing, the district court denied the petition based in essence on its finding that a school district has the sole power and authority to transact all fiscal business in the district and to perform such fiscal duties that are in the best interest of the district.

Section 93-9201, R.C.M. 1947, provides that a writ of prohibition:

> "* * * arrests the proceedings of any tribunal, corporation, board, or person * * * when such proceedings are without or in excess of jurisdiction of such tribunal, corporation, board, or person."

In State ex rel. Fulton v. District Court, 139 Mont. 573, 579, 366 P.2d 435, appears a full discussion of the nature of this writ emphasizing the "excess of jurisdiction" aspect:

> "'* * * the writ of prohibition would not restrain a ministerial, executive or administrative function, no matter how illegal the act thereunder may be so long as the tribunal sought to be restrained has jurisdiction of the subject matter in controversy. A mistaken exercise of such tribunal's acknowledged powers will not justify the issuance of the writ.'"

See also: Cases cited in Fulton and State v. Board of Medical Examiners, 135 Mont. 381, 339 P.2d 981.

Here the School Board's jurisdiction clearly covers the area of concern, photographing students on school grounds during school time and involving, at least to some degree, teachers and administrators. The petition does not attack the subject matter jurisdiction of the Board, rather it alleges at most a mistaken exercise of the Board's powers. A writ of prohibition will not lie as a remedy to restrain an administrative action.

The district court's denial of the writ is affirmed.

Justice

We Concur:

Chief Justice

Justices.

- 3 -